John C. SCHLEICHER, Plaintiff and Appellant

v.

WESTERN STATE BANK OF DEVILS LAKE, Defendant and Appellee.

Civ. No. 10018.

Supreme Court of North Dakota.

Jan. 13, 1982.

Richard W. Olson, of Murray, Olson, Larivee, Bohlman & Engen, Grand Forks, for plaintiff and appellant; submitted on brief.

Patrick J. Maddock, of Degnan, McElroy, Lamb, Camrud, Maddock & Olson, Grand Forks, for defendant and appellee; submitted on brief.

VANDE WALLE, Justice.

John C. Schleicher appealed from a summary judgment granted to Western State Bank by the district court, Ramsey County. We affirm.

Schleicher brought this action against Western State Bank (hereinafter "Bank") after he was arrested for theft of property. Schleicher claimed $650,300 damages for malicious prosecution; defamation, libel, and slander; intentional infliction of emotional distress; invasion of privacy; return of proceeds of the check he was alleged to have forged; and punitive damages.

The facts are that Schleicher picked up a hitchhiker in Grand Forks and gave him a ride to Crookston, Minnesota. The hitchhiker gave Schleicher a $300 check for medical expenses for Schleicher's mother.

The check was drawn upon the account of Albert F. and Christel Hohenstein at the Bank in Devils Lake. Because the hitchhiker identified himself as "Samuel the Prophet" Schleicher contacted a bank in Crookston to determine the validity of the check. An employee of the bank in Crookston phoned Western State Bank and asked if the Hohensteins had an account and if there were sufficient funds to pay a $300 check. The answer to both questions was yes. Schleicher endorsed the check "Remit in cashier's check only/John Schleicher" and sent it to Western State Bank. The Bank prepared a cashier's check and sent it to Schleicher. As fate would have it, Albert Hohenstein and "Samuel the Prophet" are not the same person. After Hohenstein told the Bank that it had paid over a forged signature, the Bank recredited Hohenstein's account and asked Schleicher to repay the money. The Devils Lake police then contacted the Bank and obtained a photocopy of the forged check from the Bank. The police turned the results of their inquiry over to the Ramsey County State's Attorney who, after an investigation, prepared a criminal complaint charging Schleicher with theft of property. How or why the Devils Lake police became involved is the essence of Schleicher's suit. Schleicher's claims are based upon two allegations. The first is that the Bank requested the Devils Lake police to initiate the investigation; the second is that regardless of how the police became involved, the Bank had a duty to explain to the police when it provided the police with a photocopy of the check that Schleicher had attempted to determine the validity of the check. Schleicher alleges that the Bank's failure to do so resulted in his arrest. One week after he was arrested, Schleicher repaid the Bank. Two weeks after that the complaint against Schleicher was dismissed.

The only issue is whether or not the trial court erred when it granted the Bank's motion for summary judgment.

The standards for a trial court's ruling on a motion for summary judgment are con-

tained in Rule 56(c), N.D.R.Civ.P.[1] This court has often recited the law of summary judgments in North Dakota. See *Sheets v. Letnes, Marshall & Fiedler, Ltd.*, 311 N.W.2d 175, 180 (N.D.1981); *Benson County Coop. Credit Union v. Central Livestock*, 300 N.W.2d 236, 239 (N.D.1980); and *Schoonover v. Morton County*, 267 N.W.2d 819, 821–822 (N.D.1978).

This court has restricted the use of summary judgment when it is sought in negligence actions. Generally, we have stated that negligence cases by their very nature are poor subjects for summary judgment. *Latendresse v. Latendresse*, 294 N.W.2d 742, 748 (N.D.1980). We have also said that

"in cases where negligence, contributory negligence, assumption of risk, proximate cause, and the standard of the reasonable man are in issue, even if there is no dispute as to the evidentiary facts, if there is any doubt as to the existence of a genuine issue as to a material fact, or if the evidence is subject to conflicting interpretations, or differing inferences may be drawn, there is a jury question and summary judgment is improper. If there is a question whether one's conduct has met the standard of the reasonable man, whether one has acted reasonably or with due care, there is a question of fact to be determined by the jury." *Johnson v. American Motors Corporation*, 225 N.W.2d 57, 61 (N.D.1974).

In *Kirton v. Williams Elec. Co-op., Inc.*, 265 N.W.2d 702, 704–705 (N.D.1978), we reversed the district court's grant of summary judgment which dismissed the negligence ground of the complaint. The district court concluded that the injury was not one that could have been reasonably anticipated by Williams Electric and therefore decided that there was no duty under the circumstances. We held that the question of whether or not the injury was one that reasonably could have been anticipated was a question of fact for the jury. We also said that a court may decide the issue as a matter of law where the facts are such that reasonable men could not differ. But, because there were material facts in dispute, we held that summary judgment was not appropriate. 265 N.W.2d at 705–706.

▪ The movant for summary judgment must show that there is no genuine issue of material fact. "This is a heavy burden in any case in which negligence is alleged." *Johnson v. American Motors Corporation, supra*, 225 N.W.2d at 60. After a motion for summary judgment is made and supported as provided for in Rule 56, N.D.R. Civ.P., the adverse party may not rest upon mere allegations or denials of his pleadings or a mere assertion that an issue of fact exists but must respond by setting forth specific facts which show that there is a genuine issue for trial. Rule 56(e), N.D.R. Civ.P.; *Winkjer v. Herr*, 277 N.W.2d 579, 583 (N.D.1979); and *Herman v. Magnuson*, 277 N.W.2d 445, 454 (N.D.1979). An exception, however, has been allowed by this court. When the "proof required to sustain the claim of the plaintiff must be drawn largely from the defendant, who is hostile to the plaintiff's claim, and the plaintiff may have to rely principally on cross-examination to establish his claim, the affidavit of the defendant should not be accepted as conclusive so as to preclude any trial of the issue involved." *Sagmiller v. Carlsen*, 219 N.W.2d 885, 892 (N.D.1974). The exception stated in *Sagmiller*, however, does not permit the adverse party to do nothing when the other party has moved for summary judgment and supported it as provided by Rule 56, N.D.R.Civ.P. In *Weidner v. Engel-hardt*, 176 N.W.2d 509, 520 (N.D.1970), we

---

1. Rule 56(c), N.D.R.Civ.P., provides:

"The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. Summary judgment, when appropriate, may be rendered against the moving party."

said that although "a court should be cautious in granting a motion for summary judgment where the facts in issue are peculiarly in the knowledge of the moving party, *we also realize that a certain burden is upon the opponent in summary-judgment proceedings to attempt to obtain information of value to the court by the use of discovery proceedings provided by our rules of civil procedure.*" [Emphasis added.]

 The trial court granted the Bank's motion for summary judgment based upon the record of the case, concluding that there was no genuine issue of material fact and that the Bank was entitled to judgment as a matter of law. We agree that the trial court correctly granted summary judgment to the Bank on Schleicher's allegations of malicious prosecution; defamation, libel, and slander; intentional infliction of emotional distress; invasion of privacy; and return of the proceeds of the check.

The record does not indicate the reason the Devils Lake police began their investigation of Schleicher. The Bank submitted an affidavit stating that it played no part in the commencement of the investigation of Schleicher. The institution of a criminal prosecution by or at the instance of a defendant is an essential element of malicious prosecution. Prosser, *Law of Torts*, 4th Ed., § 119. Schleicher did not produce any affidavits rebutting the Bank's affidavit.[2] *Sagmiller, supra,* may not be used to overlook Schleicher's failure to respond, with nothing more than a reassertion of his complaint, to the Bank's denial that it did not encourage the police to investigate Schleicher. Evidence of why the investigation of Schleicher was commenced would not be contained solely in the mind of the Bank. Here, it also could be obtained from the police. Nor is this similar to *Weidner v. Engelhardt, supra.* One of the reasons summary judgment was reversed in that action is that it was granted before the plaintiff had time to conduct pretrial discovery. That is not the situation here. Not only had 2½ years elapsed between the issuance of the complaint and the hearing on the motion for summary judgment but Schleicher was given additional time after the hearing to submit an affidavit from the policeman who contacted the Bank. An affidavit never was submitted. Schleicher's only response to the Bank's affidavit was to reassert the allegations contained in his complaint. The effect of that was the same as if he had not responded. Rule 56(e), N.D.R.Civ.P. Because Schleicher failed to respond by setting forth specific facts showing that there was a genuine issue for trial, the trial court did not err in granting summary judgment to the Bank on these issues. *Winkjer, supra,* 277 N.W.2d at 583.

 Nor is there a genuine question of material fact about what the Bank knew concerning the check. The Bank confirms that it received a call from a bank in Crookston but that the only questions asked of it were whether or not Hohenstein had an account and if it was sufficient to pay a $300 check. Schleicher alleges in his complaint that the Bank was also asked if the Hohenstein check had been reported stolen or forged. This is not sufficient to raise a genuine issue of material fact. As discussed above, *Sagmiller* would permit Schleicher to rely upon his pleadings and not respond to the Bank's affidavit in support of the motion for summary judgment if the facts were solely in the mind of the adverse party. But, again, that is not the situation here. The facts are also in the mind of the employee of the Crookston bank who placed the call for Schleicher. Schleicher must do more than merely reassert the allegations of his complaint in order to rebut the Bank's affidavit supporting the motion for summary judgment. Rule

---

2. The Bank also submitted an affidavit by Scott Thompson, the person who signed the criminal complaint against Schleicher. At the time, Thompson was a law student/intern with the Ramsey County State's Attorney's office. Thompson's affidavit states that either the Devils Lake police or Albert Hohenstein contacted him about the forged check; that background information was furnished by Kenneth Feldner, detective of the Devils Lake police department; that the Ramsey County State's Attorney's office investigated, prepared a criminal complaint, and obtained a warrant for Schleicher's arrest; and that the Bank neither contacted him about the criminal complaint nor solicited or encouraged any criminal action against Schleicher.

56(e), N.D.R.Civ.P. The trial court therefore was correct in its decision to grant summary judgment dismissing Schleicher's five claims for damages.

The trial court, however, did not rule directly upon the issue of negligence. Implicit within the trial court's memorandum opinion and order for judgment is the conclusion that the Bank did not owe Schleicher a duty. Was Schleicher's complaint sufficient to raise negligence as a cause of action?

■ Part of Schleicher's argument on appeal is that the Bank was negligent when it failed to recognize the check as a forgery before it paid him and also when it failed to volunteer to the Devils Lake police all that it knew about his attempts to verify the validity of the check. However, the issue of the Bank's negligence is not explicitly alleged in Schleicher's complaint. It occurs as a portion of the allegation in his first count and is included by reference, as part of the first count, in successive counts. Under the facts of this case and our previous decisions Schleicher does raise negligence as a cause of action. The skill with which a cause of action is pleaded is not the issue but rather whether or not a cause of action has been pleaded; a complaint is adequate if the allegations entitle the pleader to relief under any possible theory. *Johnson v. Haugland*, 303 N.W.2d 533, 541 (N.D.1981). The rules of pleading require only that the complaint apprise the defendant of the nature of the plaintiff's claim. Rule 8(a), N.D.R.Civ.P. The Bank was aware that negligence was one of the causes of action pleaded by Schleicher. The Bank's brief supporting its motion for summary judgment stated one of the issues as: "Did Western State Bank as the drawee bank have any obligation to the Plaintiff/payor of the forged check on the account of Albert F. Hohenstein." Schleicher's complaint is sufficient to raise negligence as a cause of action.

The basis of Schleicher's allegation of negligence is that the Bank had a duty to him to compare the signature of the payor on the check with its signature card to determine whether or not it had been forged and also that the Bank had a duty to inform the police of Schleicher's inquiries about the check.

■ Schleicher recognizes that the Bank has a duty to exercise ordinary care for the benefit of its customer. He attempts to extend that duty to himself as well. He asks us to decide that a Bank has a duty to a payee, who is not a customer of the bank, when it pays to the payee on a check with a forged payor's signature. Both the Bank and Schleicher agree that this is a case of first impression. Neither cites any authority nor advances policy arguments to persuade us. Schleicher argues that even though the Uniform Commercial Code (U.C.C.) does not impose the duty this court is not precluded from finding that a payor bank could owe a duty to the payee of a forged check in a common-law negligence action. We do not accept nor reject that proposition but decline to rule upon that contention. We decide that under these facts the Bank did not have the duty to the payee of a forged check to compare the signature of the payor with its signature card in order to determine the authenticity of the payor's signature, where the payee is not a customer or depositor. *Cf. Gesell v. First National City Bank of New York*, 24 App.Div.2d 424, 260 N.Y.S.2d 581 (1965). Schleicher apparently is arguing that if the Bank had determined the authenticity of the payor's signature before it paid the check it would have discovered the forgery and the events which followed would not have occurred. We do not know the Bank's policy when it discovers forged payor's signatures. It is speculation unsupported by the record, however, for Schleicher to imply that the Bank would not have turned the matter over to the police at that time.

■ The second part of Schleicher's negligence argument alleges the Bank's failure to tell the police what it knew, even though apparently the police did not ask. Implicit in Schleicher's argument is that he would not have been arrested if the Bank had explained to the police that Schleicher had inquired about the check before cashing it. Schleicher apparently is arguing that the Bank reasonably should have foreseen the injury to him. The question is, therefore:

Did the Bank have a duty to Schleicher to voluntarily tell the police what it knew about Schleicher's inquiries when the police requested a photocopy of the forged check?

The general rule is that "Everyone is responsible not only for the result of his willful acts but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person." Section 9–10–06, N.D.C.C. The first element for a negligence action is "a duty recognized by law for the protection of others against unreasonable risks; ..." *Arneson v. City of Fargo*, 303 N.W.2d 515, 519 (N.D.1981). Without a duty there can be no negligence. *Avron v. Plummer*, 132 N.W.2d 198, 207 (N.D.1964). Section 9–10–06 states the statutory duty of ordinary care. A party is liable for his conduct when he has disregarded a duty imposed by law or violated a legal right. *Clairmont v. State Bank of Burleigh County Trust Co.*, 295 N.W.2d 154, 158 (N.D. 1980). At issue here is not an act by the Bank but a failure of the Bank to act, i.e., to inform the police of Schleicher's inquiry into the check: "Under traditional concepts of negligence, omission to act can be negligent when one is under a duty to act." *Kuehn v. Garcia*, 608 F.2d 1143, 1147 (8th Cir. 1979), *cert. denied* 445 U.S. 943, 100 S.Ct. 1340, 63 L.Ed.2d 777 (1980). In *Kirton, supra*, 265 N.W.2d at 705–706, we said that foreseeability of the injury is one of the elements that must be considered when determining whether or not a duty exists. We also said that "whether or not the injury was one that could have reasonably been anticipated is a question of fact for the jury." We qualified that with the general rule that a court may decide the issue as a matter of law where the facts are such that reasonable men could not differ. When the Bank provided the police with a photocopy of the forged check, could it have foreseen the injury to Schleicher caused by his arrest? If it could have foreseen the injury, it may have had a duty to Schleicher to inform the police about what it knew of Schleicher's attempts to verify the validity of the check. We believe, however, that in this situation the facts presented to the trial court at the hearing on the motion for summary judgment are such that reasonable men could not differ. We agree with the trial court that there are no inferences which may be reasonably drawn from the evidence to indicate a genuine issue of fact nor that a question of fact exists which is necessary to determine the existence of a duty. Therefore, summary judgment was appropriate. *Hart v. Kern*, 268 N.W.2d 136, 138 (N.D.1978). The facts as presented in this case do not support the existence of a duty by the Bank.

We affirm the decision granting the Bank's motion for summary judgment.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ.