EVANS FINANCIAL CORP., a
Washington Corporation,
Plaintiff and Appellee,

v.

Roger W. PLECITY and Sharon M. Plecity, husband and wife, Defendants and Appellants,

and

Midwest Mechanical, a Division of Twin City Construction Company, F–M Ready Mix Concrete, Inc., and Unknown Defendants, Defendants.

Civ. No. 10051.

Supreme Court of North Dakota.

Jan. 21, 1982.

Wayne T. Anderson, of Ramlo, Anderson & Associates, Fargo, for plaintiff and appellee.

Daniel L. Wentz, of Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, for defendants and appellants.

VANDE WALLE, Justice.

Roger W. Plecity and Sharon M. Plecity, husband and wife, appealed from a summary judgment entered by the district court of Cass County foreclosing a mortgage held by Evans Financial Corp. (hereinafter "Evans") on property owned by the Plecitys. We affirm.

Evans, through its selling agent, Capp Homes, sold a prefabricated house to the Plecitys. Evans agreed to finance the transaction for a brief time and the Plecitys executed a mortgage and note. The note was dated April 2, 1979; the mortgage was executed April 4, 1979, and recorded in the office of the register of deeds on May 14, 1979. The transaction financed by Evans was in the amount of $49,500 with interest at the rate of 9½ percent per annum, computed from the date of each advance pursuant to a loan construction agreement between the parties. The note had a schedule of payments for interest only from the date of advance payable beginning seven months after date of delivery and on the first day of each month thereafter with the last payment for interest due April 1, 1980. The note further called for a balloon payment of all interest and principal on May 1, 1980. An acceleration clause in the note required full payment when any payment was delinquent for a period of more than 15 days.

After the Plecitys failed to make payments required by the note and mortgage, Evans began foreclosure proceedings, naming as defendants the Plecitys and Midwest Mechanical, a Division of Twin City Construction Company (hereinafter "Twin City") and F–M Ready Mix Concrete, Inc. (hereinafter "F–M Ready Mix"). The latter two defendants provided material or services for the foundation and erection of the home. Following answers from the Plecitys and F–M Ready Mix, Evans moved, in accordance with Rule 56, N.D.R.Civ.P., for summary judgment based on the pleadings, affidavits, answers to interrogatories, and answers to requests for admissions. The Plecitys, as well as F–M Ready Mix, resisted the motion. Twin City had not answered the complaint at the time of the motion for summary judgment. The trial court determined that there was no genuine issue as to any material fact and that Evans was entitled to judgment as a matter of law. The trial court ordered that Evans was entitled to foreclosure of the mortgage; that the period of redemption for junior lienholders, the Plecitys and F–M Ready Mix, would be one year;[1] that the mechanic's lien of F–M Ready Mix[2] is junior to the mortgage of Evans; and that the Plecitys should have the possession and rents and profits from the property being foreclosed during the period of redemption. Subsequent to the entry of judgment[3] this appeal was taken by the Plecitys.

1. Although Evans had requested a "short term mortgage redemption" period as provided in Chapter 32–19.1, N.D.C.C., the trial court rejected that request because the mortgage given to Evans by the Plecitys did not contain in its title in printed or typed bold-face capital letters the words "Mortgage-Short-Term Mortgage Redemption," as required by Section 32–19.1–03 N.D.C.C. The trial court held that the one-year redemption period provided in Section 32–19–18, N.D.C.C., would apply and Evans has not appealed that portion of the judgment.

2. F–M Ready Mix opposed the motion for summary judgment contending that its mechanic's lien had priority to the mortgage. The trial court held that because the mortgage was recorded prior to the filing of the notice of intention to file a mechanic's lien, Section 35–27–04 prevailed as a matter of law. That section

specifies that a notice of intention to claim a mechanic's lien must be filed prior to the recording of a mortgage in order to take preference thereto. F–M Ready Mix has not appealed from the judgment and this question therefore is not before us.

3. At the time of the order for summary judgment Twin City had not answered the complaint. The trial court directed that its order for judgment was granted "*only after the rights of Defendant Midwest Mechanical, a Division of Twin City Construction Company are resolved* either by default or otherwise." [Emphasis in original.] Subsequently judgment was taken by default against Twin City and the judgment from which this appeal is taken reflects the default judgment as well as the judgment against the Plecitys.

The Plecitys argue that summary judgment should not have been granted by the trial court because Evans failed to comply with the statutory requirements in commencing the foreclosure action and that a genuine issue as to a material fact exists.

■ With respect to the foreclosure procedure, Evans included in the title of the action "unknown Defendants." Evans did not, however, file the affidavit prescribed by Section 32–19–37, N.D.C.C. The trial court indicated that the provisions of Section 32–19–37 were permissive rather than mandatory, i.e., they are applicable only when the mortgagee desires to foreclose the rights of unknown defendants and that there were no unknown defendants wanting to be heard on the motion for summary judgment. The Plecitys argue that the foreclosure statutes, in addition to providing a mechanism by which a secured party can satisfy an outstanding debt or obligation, also afford protection to a debtor in the form of a redemption right and that it is in the interest of the debtor to maximize the number of potential redeemers to satisfy as many of the outstanding liens or mortgages as possible and not to be subsequently subjected to suits independent of the foreclosure action. Conceding, for the purpose of discussion, that it is in the interest of the debtor to maximize the number of potential redeemers, it is clear that the foreclosure statutes do not require the inclusion of unknown defendants in the proceedings. Thus Section 32–19–37, N.D.C.C., provides, in part:

"All persons having or claiming an estate or interest in, or lien or encumbrance upon, the property described in the complaint, whether as heirs, devisees, legatees, or personal representatives of a deceased person, or under any other title or interest, and not in possession and not appearing of record in the office of the register of deeds, the clerk of the district court, or the county auditor of the county in which the land described in the complaint is situated to have such claim, title, or interest therein, *may* be proceeded against as persons unknown, and any order, judgment, or decree entered in a foreclosure action shall be valid and binding on such unknown persons, whether of age or minors, and on those claiming under them. *If* any unknown persons are joined as defendants, they shall be designated in the summons as: 'And all persons unknown, claiming any estate or interest in, or lien or encumbrance upon, the real estate described in the complaint'." [Emphasis supplied.]

Furthermore, Section 32–19–40, N.D.C.C., provides:

"*Persons holding unrecorded conveyance need not be made parties, when.*—In any action to foreclose a mortgage or other lien upon real property, no person holding a conveyance from or under the mortgagor of the property mortgaged, or other owner thereof, nor one having a lien upon such property, if such conveyance or lien does not appear of record in the proper office at the time of the commencement of the action, need be made a party to such action, and the judgment therein rendered and the proceedings therein had shall be as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action."

Words used in statutes are to be understood in their ordinary sense unless a contrary intention plainly appears. Section 1–02–02, N.D.C.C. Words and phrases are to be construed according to the context and the rule of grammar and the approved usage of the language. Section 1–02–03, N.D.C.C. The word "may" as ordinarily used is permissive and not mandatory. *Novak v. Novak*, 74 N.D. 572, 24 N.W.2d 20 (1946). The above-quoted statutes permit but do not require unknown defendants to be made parties to the action. Because the statute is permissive rather than mandatory the foreclosure proceedings cannot be faulty because of the failure of Evans or its attorney to file the affidavit required under Section 32–19–37, N.D.C.C. Nor need we decide the effect of the failure to include unknown defendants, if any, as parties at this time. Such defendants, if they exist,

may raise that issue at a later time, as feared by the Plecitys. However, in view of the permissive nature of the foreclosure statutes with respect to unknown defendants, the failure to include unknown defendants is not a defense available to the Plecitys with regard to the foreclosure action against them.

The Plecitys also argue that a genuine issue of material fact exists which prohibits the order of summary judgment. This court has many times reiterated the conditions which must exist if summary judgment is to be ordered, and we need not repeat them here. There is no doubt that if a genuine issue of material fact exists, summary judgment is improper. See, e.g., *Schleicher v. Western State Bank of Devils Lake,* 314 N.W.2d 293 (N.D.1982). The Plecitys insist that a genuine issue of material fact exists because Evans, in its complaint, alleged that the Plecitys had made no interest payments. This allegation was supported by affidavits attached to the motion for summary judgment. In an affidavit filed in opposition to the motion for summary judgment, Sharon Plecity stated she had made the interest payments. Subsequent to the filing of the affidavit of Sharon Plecity, Evans filed another affidavit which stated that although some interest payments had been made, the balloon payment that was due on May 1, 1980, had not been made. The Plecitys objected to the latter affidavit because it was filed on the day of the hearing on the motion for summary judgment and because the affiant, David M. Reiten, the attorney for Evans, did not indicate he was testifying as to his own personal knowledge. The Plecitys therefore contend that if Reiten's affidavit is disregarded there remains a genuine issue as to whether or not the interest payments were in default. We do not agree. The Plecitys never have contended that the balloon payment they were required to make on May 1, 1980, was made. Paragraph VIII of the complaint alleges that the Plecitys have "failed to comply with the terms of the note and mortgage herein described by failing and neglecting to make installments on the principal sum of $49,500.00, by hav-ing failed to pay the accrued interest as duly authorized by the terms of the note and mortgage." In their answer the Plecitys alleged they lacked sufficient knowledge to form a belief as to the truth of the allegations contained in that paragraph and "thereby can neither admit nor deny the allegations and thereby [deny] them as provided for under the North Dakota Rules of Civil Procedure; ..."

As the trial court observed in its memorandum opinion, the Plecitys offered no counter-affidavit based on personal knowledge as to the amount paid. The Plecitys as well as Evans were possessed of this knowledge. Whether or not the affidavit of Reiten is considered, there is no question that the balloon payment was not made as required by the note and mortgage. Furthermore, we believe Reiten's affidavit should be considered. It contained nothing that should have surprised the Plecitys. Although it was filed by the attorney for Evans, it was filed by the attorney who, as required by Section 32–19–02, N.D.C.C., was given the power of attorney to foreclose the mortgage. In *Luithle v. Taverna,* 214 N.W.2d 117 (N.D.1973), this court indicated that an affidavit of counsel in opposition to a motion for summary judgment, made on mere information and belief, did not comply with Rule 56(e), N.D.R.Civ.P., requiring an affidavit to be made on personal knowledge, because it was not based on personal knowledge. Here, contrary to the facts in *Luithle,* Reiten's affidavit does not state it is made on information and belief. The matters contained in the affidavit are all matters which would be within the attorney's knowledge, i.e., whether or not the amount alleged in the complaint contained a request for attorney fees, whether or not the complaint sought a deficiency judgment, and whether or not the terms of the note and mortgage had been met. Acting under the power of attorney, Reiten had prepared the notice before foreclosure required by Section 32–19–20, N.D.C.C., stating that as of the date of the notice, July 22, 1980, the principal sum of $49,500, accrued interest of $3,742.63, and late charges

of $127.54 were due. Insofar as the time of the affidavit is concerned, we note that Rule 56(c), N.D.R.Civ.P., permits the adverse party, prior to the day of hearing, to serve opposing affidavits. Sharon Plecity did file such an affidavit. Rule 56(e) authorizes the trial court to permit affidavits to be supplemented or opposed by, among other things, further affidavits. The trial court properly received and considered Reiten's affidavit.

■ Finally, the Plecitys urge that a genuine issue of material fact exists because there is a question as to whether or not the amount of the judgment, $56,627.19, is correct. The Plecitys argue that there is a question of fact as to whether or not that amount includes attorney fees. The note contained a provision that "to the extent permitted by applicable law" the Plecitys agreed that if it became necessary or advisable to place the note in the hands of an attorney for collection there should be added to the amount due all of the expenses and costs of collection, including reasonable attorney fees not in excess of 15 percent of the unpaid balance. Section 28–26–04, N.D. C.C., specifies that any provision contained in any note, bond, mortgage, security agreement, or other evidence of debt for the payment of an attorney fee in case of proceedings had to collect such note, bond, or evidence of debt, or to foreclose such mortgage or security agreement, is against public policy and is void. Reiten, the attorney for Evans, filed an affidavit in support of the motion for summary judgment stating that at no time was Evans or Reiten demanding attorney fees and "that the only monies requested in regards to this mortgage foreclosure are those allowed by law." The Plecitys object to Reiten's affidavit for the same reasons they objected to the affidavit concerning the interest payments and balloon payments, i.e., that it was not filed of personal knowledge and was filed only on the day of the hearing. It is apparent, however, that the matter of attorney fees would be within the peculiar knowledge of the attorney. Additionally, the affidavit of Dale Merriman, the special collections officer of Evans, was served sometime prior to the hearing on the motion for summary judgment. That affidavit states the action was brought to recover $56,627.19 "in principal, interest and late fees, as of March 3, 1981, ..." Merriman's affidavit further sets forth that under the terms and conditions of the mortgage, "the mortgagee is entitled to advance monies for unpaid taxes and insurance premiums and such advances are part of the debt secured by said mortgage." Merriman, in his affidavit, further states that the mortgage contains a power of sale upon default of any of its terms or conditions whereby the holder is empowered to foreclose the lands "to satisfy the debt secured thereby including all costs and expenses allowed by law in the case of any foreclosure or the commencement of foreclosure. By the terms of the mortgage and note, upon default in the payment of the principal sum of money or interest or any taxes or insurance premiums or any part thereof, the owner and holder of the same was authorized to have the premises sold ..." The note and mortgage, attached to the complaint as exhibits, do contain such provisions. Finally, Merriman, in his affidavit, states that "by reason of the foregoing facts, the sum of $56,627.19 is due and owing as of March 3, 1981." The complaint alleges that by reason of the default by the Plecitys the following amount was due and payable:

| | |
|---|---|
| Unpaid principal | $49,500.00 |
| Interest and late charges through and including September 18, 1980 | 5,116.98 |
| TOTAL | $54,616.98 |

It would have been preferable had the affidavit itemized the $5,116.98 so that the interest and late charges and any other charges included therein could have been determined separately. However, we do not believe its failure to do so raises a genuine issue of material fact which would prevent summary judgment. The notice before foreclosure did contain an itemization of the amounts due as of that date. Although the Plecitys attempt to create issues of fact by speculating as to what the additional costs are, the Plecitys filed no

affidavit indicating what they had paid in the way of interest. When a motion for summary judgment is made and supported as provided in the rule for summary judgment, the adverse party may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in the rule, must set forth specific facts showing that there is a genuine issue for trial. *Herman v. Magnuson*, 277 N.W.2d 445 (N.D.1979), citing *Schoonover v. Morton County*, 267 N.W.2d 819 (N.D.1978).

Although we have indicated that summary judgment should not be used where genuine issues of material fact exist or, if the facts are not in dispute, inferences reasonably deducible from the facts are conflicting [*Latendresse v. Latendresse*, 294 N.W.2d 742 (N.D.1980)], we have also indicated that summary judgment is available to allow for prompt disposition of a controversy on the merits without a trial where there is no dispute as to the salient facts, or when only a question of law is involved and its purpose is to promote the expeditious disposition of cases [*Herman v. Magnuson, supra*].

Here, it appears that the primary purpose of opposing the motion for summary judgment is to delay resolution of the matter in order to obtain additional time within which the Plecitys may refinance the loan they have with Evans at rates more favorable than the prevailing rates at the time of foreclosure. While we can understand the frustration of the Plecitys with the prevailing interest rates and the nonavailability of lending sources, that does not justify an attempt to create issues of fact where none exist.

It is the responsibility of the moving party—in this case, Evans—to demonstrate that no genuine issue of material fact exists. *Schleicher v. Western State Bank of Devils Lake, supra*. Evans has carried that responsibility in this instance and we conclude that there are no genuine issues of material fact present which would prevent summary judgment.

The judgment of the district court is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.