James DONOVAN, Plaintiff-Appellant,

v.

UNION ELECTRIC COMPANY, a Corporation, Defendant-Respondent.

No. 33595.

St. Louis Court of Appeals, Missouri.

April 28, 1970.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Keefe, Schlafly, Griesedieck & Ferrell, Francis L. Barkofske, St. Louis, for defendant-respondent.

PER CURIAM.

Plaintiff sued defendant for severe burns sustained when a boom truck being operated by plaintiff received an electrical charge of 7,200 volts from an electrical line owned by defendant. Defendant's motion for a directed verdict at the close of all the evidence was overruled and the case was submitted to the jury. A mistrial resulted when the jury was unable to agree upon a verdict. Defendant's after trial motion for judgment in accordance with motion for a directed verdict at the close of all the evidence was sustained. Judge Bloom in an excellent memorandum opinion analyzed the evidence and explained the court's reasoning. The motion was sustained because: (1) The evidence failed to establish negligence on part of defendant; (2) Plaintiff was guilty of contributory negligence as a matter of law. Plaintiff appealed.

■ In considering the questions of negligence and contributory negligence, we view the evidence from a standpoint favorable to plaintiff, give plaintiff the benefit of all reasonable inferences therefrom, give plaintiff the benefit of any of defendant's evidence favorable to plaintiff and not contrary to the fundamental theory of his case, and disregard defendant's evidence unfavorable to plaintiff. We so state the evidence.

The plaintiff, forty years old, was a truck driver and operator of a crane truck for an independent contractor who sold and supplied concrete meter boxes to the St. Charles County Water Company. These concrete boxes resembled concrete pipe and weighed approximately 300 pounds. On June 13, 1967 plaintiff who was working alone was delivering these boxes to the St. Charles County Water Company's premises. The water company's office there was formerly a farm house. This property is located south of Highway 70 and is located "out in (a) farmland" area. Other than the office, a barn and a shed, there are no other buildings around this area. Plaintiff entered this property by means of a service road and then parked this truck on a dead-end lane to unload approximately thirty-five boxes. He had delivered these boxes two or three times a year for three or four years. He had always delivered the boxes to the same open storage area on these premises. His method of unloading these boxes was by using the boom on the truck which moved in a circular direction which enabled him to lift the boxes off the truck, move them away from the truck and deposit them on the ground. Plaintiff operated the boom by the use of a control box which he held in his hand and stood from six to ten feet behind the truck. Plaintiff had been operating this type truck for twelve or fifteen years and other companies also have been using this type boom truck.

Defendant's electric wires extended over the point at which plaintiff was unloading the truck and extended between poles 200 to 300 feet apart. There were four wires over the place where plaintiff was working. These wires looked like telephone wires and plaintiff thought they were telephone wires. The top wire was twenty feet off the ground and there was about three feet vertical separation between the top wire and each of the underlying wires. The top wire was an uninsulated electric wire and carried 7,200 volts. The second wire was an uninsulated neutral wire. The two bottom wires were insulated telephone wires.

The boom on plaintiff's truck could be raised as high as thirty feet. There were no warning signs which indicated that the wires were high voltage electric wires and plaintiff could not determine whether they were insulated. He did not know that they were uninsulated. He would not have un-

loaded the truck there had there been any warning signs. He did not consider the wires dangerous. He did not want to hit any wires and would not touch the wire with his bare hand because he did not know "what he was grabbing," and because it could be dangerous. Plaintiff could not park the truck any other place and still put the boxes where he was supposed to put them. He had unloaded eighteen or twenty boxes before he was injured. In the unloading the boom would come within a foot to a foot and one-half of the wires and the boom would stop between the top wire (voltage wire) and the second wire (neutral wire). To plaintiff's knowledge, the boom did not touch the electric wire. Plaintiff saw a flash towards the end of the boom, was knocked to the ground with the cable from the control box across his chest.

There was a warning sign on the back of plaintiff's truck near the boom controls which read: "Remember to look up, check for high lines and obstacles above before operating boom up."

The issue here is whether the plaintiff made a submissible case of primary negligence against the defendant.

An electric company is not an insurer of the safety of persons and its liability is determinable upon principles of negligence. Foote v. Scott-New Madrid-Mississippi Elec. Co-op., Mo.App., 359 S.W.2d 40 [2]. In this regard, an electric company is obligated to employ the highest degree of care to insulate its transmission lines adequately or to isolate them effectively wherever, in the exercise of such degree of care, it reasonably may be anticipated that others may lawfully come into close proximity to such lines and thereby may be subjected to a reasonable likelihood of injury. Erbes v. Union Elec. Co., Mo., 353 S.W.2d 659, 664. Said another way, the defendant was required to use the highest degree of care to prevent injury which it could reasonably anticipate.

Anticipation or foreseeability of harm or injury because of acts or omissions of the defendant is an essential element in determining liability. Gladden v. Missouri Public Service Co., Mo., 277 S.W.2d 510 [10]. It is not necessary, however, that the defendant should have anticipated the exact injury which did occur or the exact manner in which the injury occurred. Lebow v. Missouri Public Service Co., Mo., 270 S.W. 2d 713, 715.

To make a submissible case so as to establish the element of anticipation or foreseeability by defendant the test is whether the jury fairly could have found that in the exercise of the highest degree of care, defendant reasonably could have anticipated that some injury was likely to have occurred to one lawfully near its transmission line. Foote v. Scott-New Madrid-Mississippi Elec. Co-op., supra, 359 S. W.2d 1. c. 44 [4]. However, even where the highest degree of care is demanded of an electric utility company, it is only bound to guard against those occurrences which can reasonably be anticipated by the utmost foresight. Hamilton v. Laclede Elec. Co-op., Mo., 294 S.W.2d 11, 14.

After reviewing the evidence, we agree with the trial court and hold that the plaintiff failed to establish a case of primary negligence against the defendant. The evidence influencing our conclusion is the following: The area where the plaintiff was injured was "out in (a) farmland" area. The voltage wire was elevated twenty feet from the ground. There was no evidence of any residences or other buildings other than the barn, shed and the office which was formerly a farm house. It occurred on private property. The area was isolated and could be reached only by a service road. When plaintiff received the electrical shock, the boom truck was parked on a dead-end lane. While it is true that the plaintiff had delivered these boxes to these premises two or three times a year for three or four years, there is no evi-

dence that any employee of the water company or any employee of the defendant ever saw plaintiff unloading the boxes at these premises. Prior deliveries by plaintiff cannot be said to constitute notice to defendant that plaintiff was going to back the boom truck into a dead-end lane to unload these boxes using a thirty foot boom. Nor is there any evidence that defendant had any knowledge of the use at any time of a boom type truck near this electric line in this isolated area.

Based upon this evidence, we do not believe that a jury reasonably could have found that defendant, in the exercise of the highest degree of care, should have foreseen the reasonable likelihood that plaintiff would be operating a thirty foot boom truck in this isolated area so as to make contact with the defendant's transmission line.

Plaintiff relies on Gladden v. Missouri Public Service Co., supra and Lebow v. Missouri Public Service Co., supra which were both cited earlier in this opinion. Neither case is factually analogous to the case here.

In *Gladden*, supra, the 39 year old plaintiff climbed a tree on a public highway to catch a tame parakeet and fell touching a transmission line which went through the trees. The court held that the negligence of defendant was a jury question. The court pointed out that this injury occurred on a much traveled highway in a populous area with the branches very close to the wires. This is not factually comparable to the case here which involved an occurrence in an isolated area on private property, "out in (a) farmland" area which was entered by means of a service road with the truck being positioned on a dead-end lane.

In *Lebow*, supra, a man was killed when an aluminum ladder he was using to pick apples in an orchard came in contact with defendant's electric line. The court stated at l. c. 715 of 270 S.W.2d that the negligence of defendant was a jury question and that a jury reasonably could find that defendant's power line had been in the same location and condition sufficiently long prior to the accident to have charged defendant with notice of the fact that its uninsulated power line ran in close proximity to apple trees in a commercial orchard which were annually picked by means of ladders. These facts are in no way comparable to the facts here.

Plaintiff also relies on Howard v. St. Joseph Transmission Co., 316 Mo. 317, 289 S.W. 597 and Potter v. Sac-Osage Electric Co-op., Inc., Mo., 335 S.W.2d 192. Neither case aids plaintiff. In *Howard*, supra, which involved injuries to a nine year old boy by reason of contact with an electric power wire as a result of climbing a pole to release a hook and wire from the power line, the court affirmed the lower court's judgment for defendant on the ground that plaintiff's petition did not allege a submissible case of primary negligence.

In *Potter*, supra, the issue was whether the deceased was guilty of contributory negligence as a matter of law. Based upon facts in no way analogous to the facts here, the court held that contributory negligence was a question of fact for the jury to decide.

Our decision that as a matter of law the defendant was not guilty of actionable negligence makes it unnecessary to rule the question of contributory negligence of the plaintiff.

The judgment is affirmed.

WOLFE, P. J., and BRADY, J., concur.