Bill R. **HANSON** and Bonnie J. Hanson, **Plaintiffs/Appellants,**

v.

**UNION ELECTRIC COMPANY and Southwestern Bell Telephone Company, Defendants/Respondents.**

No. 72511.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 13, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 24, 1998.

Amelung Wulff & Willenbrock, P.C., Stephen D. Hoyne, St. Louis, for plaintiffs/appellants.

White, Ovletrea & Watson, L.C., Dorothy L. White–Coleman, St. Louis, for Union Electric Company.

David C. Welsh, St. Louis, for Southwestern Bell Telephone Company.

PUDLOWSKI, Judge.

Bill R. Hanson and Bonnie J. Hanson (Hanson) appeal from the judgment of the Circuit Court of the City of Saint Louis granting summary judgment to respondents, Union Electric Company (Union Electric) and Southwestern Bell Telephone Company (SWBT). Hanson instituted the action to recover damages for a fire resulting from an accident where a car hit a telephone pole which caused an uninsulated wire to come in contact with their house. We reverse.

■ When reviewing the grant of a summary judgment motion, we review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment moves the parties beyond the allegations of the petition and seeks to determine if a material fact exists for trial. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). The grant of summary judgment is a question of law and, therefore, we review using the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *ITT Commercial Finance*, 854 S.W.2d at 376.

■ When there is no genuine issue as to any material fact, summary judgment is granted to the moving party as a matter of law. Rule 74.04(c)(3). The burden of establishing a right to judgment as a matter of law rests with the moving party and any evidence which demonstrates a genuine issue of material fact will defeat the moving party's prima facie showing. *Landes v. State Farm Fire and Casualty Company*, 907 S.W.2d 349, 353 (Mo.App. W.D.1995). An issue is genuine only if it is real and substantial; it may not consist "of conjecture, theory and possibilities." *ITT Commercial Finance*, 854 S.W.2d at 378.

■ Once the moving party makes a prima facie showing for its summary judgment motion, the responding party must reply with specific facts showing a genuine issue of material fact exists for trial or demonstrate that judgment as a matter of law is incorrect. Rule 74.04(e). The non-moving party's only recourse is to show there is a genuine dispute of material fact by offering affidavits, depositions, answers to interrogatories, or admissions. *ITT Commercial Finance*, 854 S.W.2d at 381.

The facts viewed in the light most favorable to Hanson are as follows:

The road on which the Hanson home is located has a bend in it. Tangential to that bend, and in the Hanson's front yard, SWBT located a telephone pole. The pole was maintained by SWBT and carried telephone wires. Additionally, Union Electric maintained a 7200 volt uninsulated wire on the telephone pole, but it does not routinely inspect this wire.

The pole sits approximately 71 inches from the road. There are two guy wires supporting it. The location of this telephone pole

has a history of telephone poles being hit by drivers who fail to properly negotiate the curve of the road. The pole was hit on at least three prior occasions within the past eighteen years. It was replaced in 1983 after it was knocked down. Hanson alleged he told a SWBT employee that the pole needed to be moved after the second time it was knocked down because of its dangerous location. Following another accident, Hanson called Union Electric to have them turn off the electricity running in the line so that a driver could be safely extricated from his vehicle after hitting the pole.

On 22 June 1991, an intoxicated driver veered off of the road into the front of Hanson's property. As the driver left the paved portion of the road, he hit one of the telephone pole's guy wires causing the pole, and the wires it carried, to fall. The pole and the uninsulated conductors fell across Hanson's dusk-to-dawn light which sent an electrical surge into the house. Consequentially, multiple fires ignited and burned down the house.

Hanson instituted this action seeking remuneration for the damage to his home. Union Electric and SWBT filed separate motions for summary judgment. The trial court granted both motions, ruling that neither Union Electric nor SWBT owed a duty to Hanson to isolate or insulate the power line or locate the utility pole differently. From this judgment, Hanson appeals.

■ Union Electric and SWBT rely on a series of cases which deny recovery to drivers and passengers of cars who drive off the traveled portion of the road and strike utility poles. As announced in *Clinkenbeard v. City of St. Joseph*, 321 Mo. 71, 10 S.W.2d 54 (1928), in these limited circumstances utilities do not owe a duty of care to the passengers of the car when the utility pole is lawfully placed off the road. However, their duty of care is abrogated only in limited circumstances where vehicles collide with the utility pole and suit is brought by the driver or a passenger; *Clinkenbeard* does not grant utilities complete immunity. In other circumstances, as in the instant case, the utilities must meet their duty of care to the general public.

■ Hanson contends that both Union Electric and SWBT have an established duty because each was on notice from at least three prior accidents of the potential hazard and they, rather than the car's driver, are liable for the damages caused. In Missouri, it is well established that a supplier of electricity is not an insurer of everyone's safety. *Merrick v. Southwest Electric Co–op.* 815 S.W.2d 118, 120 (Mo.App. S.D.1991); *Mrad v. Missouri Edison Co.* 649 S.W.2d 936, 940 (Mo.App. E.D.1983). However, the supplier is required to exercise the highest degree of care in order to prevent any injury it may anticipate. *Id.*

■ An electric supplier may satisfy this duty of care by isolating or insulating the electrical wires. *Mrad*, 649 S.W.2d at 941. If the supplier fails to insulate the wires, the inquiry turns to whether the wires were adequately isolated. In the instant case, Union Electric failed to insulate the wire, so it needed to adequately isolate the wire. Union Electric asserts that its wires were sufficiently isolated because they maintained the wires at or above the minimum clearances required by the National Electrical Safety Code. However, merely meeting or surpassing the minimum requirements of the National Electrical Safety Code does not negate a supplier's duty. *Foote v. Scott–New Madrid–Mississippi Electric Co–op.*, 359 S.W.2d 40, 41 (Mo.App.1962).

■ In order to meet the duty to isolate, Union Electric must locate the wire so that it would not injure persons where it might reasonably expect them to be. *Mrad*, 649 S.W.2d at 941. If the wires are isolated, then there is not an unreasonable risk to those individuals who are lawfully near the power lines. *Goddard v. St. Joseph Light and Power Company*, 379 S.W.2d 565, 567 (Mo.1964). The determination of foreseeability of injury is whether, in the exercise of the highest degree of care, the electric company could have anticipated that injury was likely to occur to one lawfully near its transmission line. *Mrad*, 649 S.W.2d at 941; *Donovan v. Union Electric Company*, 454 S.W.2d 623, 626 (Mo.App.1970). Foreseeability is a jury question. *Mrad*, 649 S.W.2d at 941.

**6**

In determining whether SWBT owes a duty to Hanson, the issue turns on whether the telephone pole should have been relocated. This issue also turns on whether the jury could reasonably find that SWBT in the exercise of the highest degree of care, should have foreseen the reasonable likelihood that contact with the electrical wire would occur. *Donovan*, 454 S.W.2d at 626; *Glastris v. Union Electric Company*, 542 S.W.2d 65, 68 (Mo.App.1976). The facts presented before us lead us to believe that this is a determination which is better left to the jury. SWBT was aware of, and provided Hanson with, the prior accident reports regarding its telephone pole. When SWBT replaced the pole due to a prior accident, Hanson stated he informed SWBT of the danger in replacing the pole in the same location.

Therefore, the trial court erred in granting Union Electric's motion for summary judgment. Union Electric owed the highest duty of care in maintaining its electrical wires. Union Electric's duty must be found to either insulate or isolate its wires. Since all parties have stipulated the wires were uninsulated, the remaining question is whether the wires were adequately isolated to prevent injury to one in lawful proximity to the wires. We are unable to state as a matter of law that Union Electric met its duty. Furthermore, since SWBT had reason to know of the potential danger of the wires on its pole, it also has a duty to Hanson.

By establishing that both Union Electric and SWBT owed a duty to Hanson, we reverse both summary judgment motions and remand the cause to trial. We decline to address Hanson's second point on appeal dealing with the issue of liability.

GRIMM, P.J., concurs in result.

GARY M. GAERTNER, J., concurs.