Mary Catherine SLOAN, Appellant,

v.

**ALLSTATE INSURANCE COMPANY, Respondent.**

No. 73311.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 11, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 30, 1998.

Jeffrey S. Gavin, Brown & James, St. Louis, for appellant.

Denis C. Burns, Godfrey, Vandover & Burns, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Mary Catherine Sloan ("insured"), appeals the judgment of the Circuit Court of the City of St. Louis in favor of respondent, Allstate Insurance Company, on Allstate's motion for summary judgment. We reverse and remand.

Insured owned a two-story "shotgun" style home in St. Louis City.[1] During the course of remodeling, insured noticed some problems with the roof, including rafters which were cracked and sagging and deck which was rotting. Insured entered into a contract with the City of St. Louis through the Supplemental Housing Assistance and Repair Program, whereby the City agreed to arrange for a licensed and insured roofer to re-roof insured's home. The City contracted with Roger Hulsey, d/b/a J & R Roofing, to do the work.

On August 12, 1993, Hulsey began work on insured's roof by removing the tar paper from the rear portion of the house. This area was covered by a tarp before the workers left at the end of the day. Late that evening, a storm occurred, resulting in severe damage to insured's home and possessions. Insured later learned Hulsey was not bonded as required by the contract she signed with the city.

Thereafter, insured filed a three-count petition with the trial court: Count I was a contract action against Allstate pursuant to insured's homeowner's policy issued by the defendant, Count II was a contract action against St. Louis City, and Count III was contract action against Roger Hulsey, d/b/a J & R Roofing.[2] Allstate filed a motion for summary judgment along with a copy of insured's petition, the insurance policy, and portions of insured's deposition. Insured filed her response to Allstate's motion, along with her affidavit.[3] The trial court granted Allstate's motion for summary judgment, and insured filed the instant appeal.

 We exercise *de novo* review over grants of summary judgment. *See Hanson v. Union Elec. Co.*, 963 S.W.2d 2, 4 (Mo.App. E.D.1998). We view the record in the light most favorable to the non-moving party. *Id.* A moving party is entitled to summary judgment if there exists no genuine question of material fact. Rule 74.04(c)(3). Any evidence demonstrating a genuine issue of material fact will defeat a moving party's right to summary judgment. *Hanson*, 963 S.W.2d at 4.

 Insured's policy excluded

... loss to the interior of a **building structure**, or covered property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls

---

1. A "shotgun" house is a house in which all rooms are in direct line with each other, usually front to back.

2. Insured dismissed the claims against the city and Hulsey without prejudice.

3. The legal file was filed by stipulation of the parties. While the copy of insured's affidavit contained in the legal file is not signed or notarized, Allstate does not dispute a properly verified affidavit was filed with the trial court and addresses the merits of the affidavit's effect.

and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall;....

Allstate argues it is entitled to summary judgment because allegations in insured's petition and statements in insured's deposition demonstrated the damage to insured's residence and property resulted from rain coming through an opening in the roof which was created by Hulsey, rather than caused by wind or hail as required by the policy. Allstate's evidence may have been sufficient to entitle Allstate to summary judgment if no contrary evidence had been presented; however, insured's affidavit directly contradicted this position.

In her affidavit, insured stated a severe storm [4] had occurred on August 12, 1993, and her home and its contents had been damaged as a result. The affidavit further averred,

> 4. At that time, the roof was being repaired and one half of the old roof had been removed and a temporary roof put in place.
>
> 5. The storm of August 12, 1993, damaged the temporary roof, and *damaged the prior remaining roof. Thereafter, the wind forced rain into the building,* through damaged [sic] temporary roof, and *through the damaged prior roof,* and destroyed the contents.

(Emphasis added.) These statements clearly bring the damage resulting from the storm within the coverage terms as set forth in the policy, *supra.* Accordingly, a genuine dispute existed as to whether the damage sustained by insured was covered by the policy. Allstate has presented no persuasive argument to the contrary, and was not entitled to summary judgment as a matter of law.

Based on the foregoing, the judgment is reversed and remanded for further proceedings.

GRIMM, P.J., and PUDLOWSKI, J., concur.

---

4. "Storm" is defined as "a disturbance of normal atmospheric conditions, manifesting itself by strong winds and often accompanied by rain, thunder and lightning, snow, hail, or sleet...." *RANDOM HOUSE WEBSTER'S COLLEGE DICTIONARY* 1272 (2d ed.1997).