December 28, 2009

The Honorable Mark Homer
Chair, Committee on Culture, Recreation
   and Tourism
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0752

Re: Whether multiple contiguous lots may be claimed as part of a homestead exemption under section 11.13(j) of the Tax Code (RQ-0808-GA)

Dear Representative Homer:

You ask whether multiple contiguous lots may be claimed as part of a homestead exemption under section 11.13(j) of the Tax Code.[1]

As background, you tell us that an individual purchased a homestead in 1979 and that he subsequently purchased several lots contiguous to that homestead. Request Letter at 1. For the 2007 tax year, the individual applied for a homestead exemption to include all of the contiguous lots. The chief appraiser, and then the appraisal review board, ruled that none of the lots other than the individual's original lot could be claimed as part of the person's homestead because the lots were located in a platted subdivision, and were not used as part of the individual's homestead. *Id.*

Section 1 of article VIII of the Texas Constitution requires that "[t]axation shall be equal and uniform" and that "[a]ll real property . . . in this State, unless exempt as required or permitted by this Constitution . . . shall be taxed in proportion to its value." TEX. CONST. art. VIII, § 1(a)–(b). Section 1-b of article VIII provides for several kinds of residence homestead exemption, and declares that "[t]he legislature by general law may define residence homestead for purposes of this section." *Id.* § 1-b. To that end, a "residence homestead" is defined as:

> a structure (including a mobile home) or a separately secured and occupied portion of a structure (together with the land, not to exceed 20 acres, and improvements used in the residential occupancy of the structure, if the structure and the land and improvements have identical ownership) that:
>
> (A) is owned by one or more individuals, either directly or through a beneficial interest in a qualifying trust;

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

        (B)   is designed or adapted for human residence;

        (C)   is used as a residence; and

        (D)   is occupied as his principal residence by an owner or, for property owned through a beneficial interest in a qualifying trust, by a trustor of the trust who qualifies for the exemption.

TEX. TAX CODE ANN. § 11.13(j)(1) (Vernon 2008).

We begin with the proposition that "our primary objective is to ascertain and give effect to the Legislature's intent." *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006). We attempt to discern such intent from the actual language used by the Legislature. *See Osterberg v. Peca*, 12 S.W.3d 31, 38 (Tex. 2000). Statutory words and phrases must "be read in context and construed according to the rules of grammar and common usage." *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). In addition, "[s]tatutory exemptions from taxation are subject to strict construction because they undermine equality and uniformity by placing a greater burden on some taxpaying . . . individuals rather than placing the burden on all taxpayers equally." *N. Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991).

You state in your request letter that the chief appraiser and the appraisal review board denied the homestead exemption to the lots contiguous to the original homestead in part because those lots had been part of a platted subdivision. We have found no statutory or case law that would recognize such a distinction between platted and non-platted lots. Indeed, the plain language of the term "residence homestead" as defined in section 11.13(j) indicates that the original lot and structure, which the appraisal review board has treated as the individual's residence homestead, and the additional land and improvements about which you inquire could constitute a "residence homestead" to the extent that the land and the improvements thereto are used by the owner in the residential occupancy of the original homestead and have identical ownership. When a statute's language is clear and unambiguous, its plain meaning must prevail. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). Moreover, a court has stated that "where separate pieces of property are occupied and used by the owner for one and the same purpose, and their separate identities and values become merged and consolidated by such use, no separate valuation and assessment is required." *Green v. Baldwin*, 336 S.W.2d 291, 294 (Tex. Civ. App.—Texarkana 1960, writ dism'd) (citing *Moody-Seagraves Co. v. City of Galveston*, 43 S.W.2d 967, 970 (Tex. Civ. App.—Galveston 1931, writ ref'd)).[2] We note, however, that the question of "[w]hether property is a homestead presents a fact

---

[2]Although the definition of the word "homestead" for purposes of forced sale in article XVI, section 51 of the Texas Constitution, and its statutory analogue, section 41.002 of the Property Code, is different from the definition of the term "residence homestead" in subsection 11.13(j) of the Tax Code, cases dealing with the definition of "homestead" may be instructive for purposes of the question you pose. *See In re Norris*, 215 S.W.3d 851, 858 (Tex. 2007) ("The Tax Code . . . more generally employs a looser definition [of "residence homestead"] that essentially focuses on whether the structure is owned and occupied as a principal residence"). In a 1991 case, for example, a federal bankruptcy court in Austin declared that "[a]lthough never explicitly stated, there appears to be a presumption that land contiguous to the

(continued...)

question." *Brown v. Bank of Galveston*, 963 S.W.2d 511, 515 (Tex. 1998). Thus, the determination of whether all the lots of which you inquire do, in fact, form part of the residence homestead requires a factual determination that is not conducive to the opinion process.

You also ask whether a chief appraiser is authorized "to limit the exemption to less than twenty acres by requiring the land [to] be used in some manner." Request Letter at 2. In a 1983 opinion, this office said that a chief appraiser is not given the discretion to establish a minimum or maximum amount of acreage as the amount of land receiving the designation "so long as that land is used in the residential occupancy of the structure receiving residence homestead designation." Tex. Att'y Gen. Op. No. JM-40 (1983). Accordingly, so long as the chief appraiser determines that contiguous lots of less than twenty acres are being used as a residence homestead, the taxpayer would be entitled to an exemption.

---

[2](...continued)
homestead under Texas law is used for the purposes of a home." *In re Mitchell*, 132 B.R. 553, 565 (W.D. Tex. 1991). The court further noted that the Texas cases "continually describe a homestead as being 'property used for home purposes.' Comfort, convenience, solitude, and shelter are clearly purposes for which a home is stated to be used within the meaning of a homestead under Texas law." *Id.* at 566. Decisions from Texas courts have demonstrated the truth of the *Mitchell* court's statement. For example, a 1993 case under article XVI, section 51 held that "[a]lthough actual residence on part of the rural property is required, one need not reside on all the parcels so long as the other tracts are used for support of the family." *NCNB Tex. Nat'l Bank v. Carpenter*, 849 S.W.2d 875, 879 (Tex. App.—Fort Worth 1993, no writ). *See also Seidemann v. New Braunfels State Bank*, 75 S.W.2d 167, 168 (Tex. Civ. App.—Austin 1934, writ ref'd) (two lots adjoining home are part of homestead).

## S U M M A R Y

Section 11.13(j) of the Tax Code defines "residence homestead" for purposes of the payment of property taxes to include "a structure . . . together with the land, not to exceed 20 acres," regardless of whether any part of the property is located in a platted subdivision. If the chief appraiser finds that contiguous lots totaling less than twenty acres are being used as a residence homestead, the taxpayer is entitled to an exemption on the entire property. Whether any particular group of contiguous lots would qualify as a "residence homestead" is a question of fact.

Very truly yours,

G R E G   A B B O T T
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee