Nancy VOLPE

v.

**FLEET NATIONAL BANK.**

No. 96–46–Appeal.

Supreme Court of Rhode Island.

April 17, 1998.

Lauren E. Jones, Robert Smith Thurston, Providence, for Plaintiff.

Mark W. Freel, John Houlihan, Providence, Brian H. Lamkin, Boston, MA, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on appeal by Nancy Volpe (Volpe) from a grant of summary judgment entered in Superior Court in favor of the defendant, Fleet National Bank (Fleet). Volpe seeks to recover money paid out by Fleet upon a check bearing her forged indorsement. The Superior Court granted summary judgment in favor of Fleet on the basis that the bank owed no duty to Volpe, a noncustomer, in negotiating the forged instrument. The court also found that Fleet had acted in a commercially reasonable manner in negotiating the check. For the reasons set forth below, we affirm the entry of summary judgment. The facts of the case

insofar as pertinent to this appeal are as follows.

Volpe retained the services of attorney Thomas Jackvony (Jackvony) to represent her in a personal-injury action against Ryder Truck Rental, Incorporated. Jackvony subsequently settled the suit without Volpe's authority or knowledge. In accordance with the negotiated settlement, Ryder issued a check for $18,500 payable to the order of Nancy Volpe and Thomas Jackvony, and drawn on its account at Southeast Bank in Tallahassee, Florida. Upon receipt of the check Jackvony indorsed his name to the back thereof and forged Volpe's indorsement. Jackvony then presented the check for payment and deposit at Fleet. Fleet accepted the check for deposit and credited Jackvony's account.[1] Fleet processed the check through normal commercial channels, and Ryder's account at Southeast Bank was eventually debited. Jackvony subsequently withdrew the funds from his account for his own use.[2]

On May 12, 1994, Volpe commenced suit in the Superior Court for the County of Providence on a theory of negligence, seeking restitution from Fleet. The complaint specifically alleged that Fleet owed Volpe a duty to inspect the indorsements on the settlement check for authenticity, that the bank had breached that duty by accepting the check for deposit, and that as a result Volpe did not receive the proceeds to which she was entitled. In its answer to the complaint Fleet asserted that Volpe failed to state a claim upon which relief could be granted and that at all times Fleet acted in good faith and in accordance with reasonable commercial standards in the banking industry. Fleet then filed a third-party claim against Jackvony for contribution and indemnification.

On August 11, 1995, Fleet moved for summary judgment in accordance with Rule 56(b) of the Superior Court Rules of Civil Procedure on the basis that it owed no duty of care to Volpe and that it had acted in a commercially reasonable manner in negotiating the check. The Superior Court agreed and granted Fleet's motion for summary judgment. Final judgment entered in favor of Fleet on October 26, 1995. Volpe thereafter filed a timely appeal to this court.[3]

On appeal Volpe contends that the trial justice erred in granting Fleet summary judgment because under the Rhode Island Commercial Code, G.L.1956 § 6A-3-419(1)(c), a bank is liable in conversion to a payee when a negotiable instrument is paid on a forged indorsement. She asserts that unless Fleet can show that it acted in good faith and in a commercially reasonable manner, it should be held strictly liable. She also argues that a determination concerning the commercial reasonableness of Fleet's actions is a question of fact for the jury to decide and not an issue to be resolved by the trial justice in a motion for summary judgment.

In passing upon the propriety of an order granting summary judgment, this court, like the trial court, must examine the pleadings, affidavits, and other submitted material in a light most favorable to the party opposing the motion to determine whether any genuine issues of material fact are in dispute. *Rock v. State*, 681 A.2d 901, 902–03 (R.I. 1996). If there are none, the trial justice must then determine whether the moving party is entitled to judgment under applicable law. *Id.* Only those issues properly presented before the trial court will be considered by this court upon review of a summary-judgment award. *Ludwig v. Kowal*, 419 A.2d 297, 302 (R.I.1980); *Zito v. Cas-*

---

1. The record does not specify whether Jackvony deposited the proceeds of the check into his personal account or his client-funds account.

2. Jackvony was prosecuted and convicted of embezzlement and fraudulent conversion and forgery. He was ordered by the court to make restitution to Volpe and several other victims. On September 17, 1992, this court disbarred Thomas Jackvony from the practice of law in the state of Rhode Island. *See In the Matter of*

*Thomas E. Jackvony*, No. 92–24 M.P. (R.I., filed Sept. 17, 1992) (order).

3. The Rhode Island Bar Association Lawyers' Fund for Client Reimbursement paid Volpe the amount of the forged settlement check after the Superior Court entered summary judgment in favor of Fleet. Volpe subsequently assigned the fund the right to proceed against Fleet, rendering the fund the real party in interest in the present appeal.

*sara,* 109 R.I. 112, 114, 281 A.2d 303, 304 (1971).

■ In the present case the only issue properly before us is that of whether plaintiff stated a viable cause of action for negligence. The plaintiff's claim on appeal that defendant is liable to her in conversion pursuant to § 6A–3–419 was not a theory pled in her complaint or raised as an issue before the Superior Court. In point of fact the only cause of action raised in the proceedings below sounded in negligence. Volpe's complaint, though not specifically entitled a negligence action, alleged that "Fleet * * * had a duty to inspect [the indorsement] signatures to determine their authenticity for the purpose of protecting the payees listed on [the] check * * * [and t]hat * * * * Fleet * * * breached [that] duty when it accepted [the] check for deposit, [and that] as a direct and proximate result of * * * Fleet['s] * * * failure to inspect said signatures * * * Volpe * * * never received [the] monies she was entitled to." Plainly the language employed by plaintiff in her complaint endeavors to set out a negligence cause of action.[4] Nowhere in Volpe's memorandum to the Superior Court in opposition to Fleet's motion for summary judgment is the issue of conversion raised. Indeed, any doubt that may have existed concerning the basis of plaintiff's complaint was erased by her specific admission in her memorandum to the motion justice that the "instant" suit was a "negligence action" brought "[i]n or around January 1994." As a result plaintiff's delayed-conversion claim is not entitled to review by this court. *Lawrence v. Anheuser–Busch, Inc.,* 523 A.2d 864, 866 n. 2 (R.I.1987); *Homar, Inc. v. North Farm Associates,* 445 A.2d 288, 290 n. 1 (R.I.1982); *Zito,* 109 R.I. at 114, 281 A.2d at 304. It is well settled that a defendant may not raise new issues or advance new theories on appeal in order to obtain a reversal of the lower court's determination. *Ludwig,* 419 A.2d at 302; *Bergenstock v. Lemay's G.M.C., Inc.,* 118 R.I. 75, 81, 372 A.2d 69, 72 (1977). Since the only claim

presented to the motion justice was an action in negligence, our review of the summary-judgment award is limited to an analysis of whether plaintiff has alleged facts sufficient to establish such a cause of action against Fleet.

■ To state a viable action for negligence, the complainant must allege facts showing the existence of a legal duty of care owed by the defendant to the plaintiff. *Ferreira v. Strack,* 636 A.2d 682, 685 (R.I.1994); *D'Ambra v. United States,* 114 R.I. 643, 649, 338 A.2d 524, 527 (1975). A defendant cannot be liable under a theory of negligence unless it owes a duty of care to the plaintiff. *Ferreira,* 636 A.2d at 685. Whether a duty of care runs from a defendant to a plaintiff is a question of law for the court to decide. *Hennessey v. Pyne,* 694 A.2d 691, 697 (R.I. 1997); *Banks v. Bowen's Landing Corp.,* 522 A.2d 1222, 1224 (R.I.1987). "If [the court determines that] no such duty exists, then the trier of fact has nothing to consider and a motion for summary judgment must be granted." *Ferreira,* 636 A.2d at 685 (quoting *Barratt v. Burlingham,* 492 A.2d 1219, 1222 (R.I.1985)).

■ It is incontrovertible that the law imposes upon the bank the duty of knowing the signature of its depositors. *R.H. Kimball, Inc. v. Rhode Island Hospital National Bank,* 72 R.I. 144, 155, 48 A.2d 420, 427 (1946). The rationale for such duty is based upon the legal relationship between the parties, which is that of debtor and creditor. *Griffin v. Centreville Savings Bank,* 93 R.I. 47, 52, 171 A.2d 204, 207 (1961); *R.H. Kimball, Inc.,* 72 R.I. at 153, 48 A.2d at 426. This primary duty of the bank arises from its implied contract with the depositor wherein the bank promises to pay out only those funds of the depositor that he or she shall order. *R.H. Kimball, Inc.,* 72 R.I. at 153, 48 A.2d at 426; *Tolman v. American National Bank,* 22 R.I. 462, 463, 48 A. 480, 481 (1901). If the bank pays out funds upon an instrument purporting to be the check of its depos-

---

4. To establish a cause of action for negligence, a complaint must allege facts demonstrating the defendant's legal duty of care owed to the plaintiff, the defendant's breach of that duty of care, injury to the plaintiff as a result of the breach proximately caused by the defendant's negligent conduct, and damage to the plaintiff. *See Lutz Engineering Co. v. Industrial Louvers, Inc.,* 585 A.2d 631, 635 (R.I.1991).

itor, the indorsement on which turns out to be a forgery, no right exists in the bank to charge the amount of the item against its customer's account since the payment was wholly without authority from the depositor. *Storti v. Industrial Trust Co.*, 75 R.I. 482, 486, 67 A.2d 697, 699 (1949); *Tolman*, 22 R.I. at 463, 48 A. at 481. In such an instance it has been held that the bank makes payment out of its own funds. *Storti*, 75 R.I. at 486, 67 A.2d at 699; *Tolman*, 22 R.I. at 463, 48 A. at 481. This duty owed by the bank to its depositor is rigid rendering the bank liable even in circumstances wherein it has exercised reasonable care in handling the instrument. *Basch v. Bank of America National Trust & Savings Association*, 22 Cal.2d 316, 139 P.2d 1, 5 (1943); *Joseph Milling Co. v. First Bank of Joseph*, 109 Or. 1, 216 P. 560, 565 (1923); *Weiner v. Pennsylvania Company for Insurances on Lives and Granting Annuities*, 160 Pa.Super. 320, 51 A.2d 385, 386 (1947). Indeed, before being entitled to put in issue a depositor's negligence in inviting the fraud, the bank bears the burden of establishing its own freedom from negligence in the transaction. *R.H. Kimball, Inc.*, 72 R.I. at 154, 48 A.2d at 426.

■ Conversely, the bank owes no duty of care to a noncustomer with whom it has no relationship. *Schleicher v. Western State Bank of Devils Lake*, 314 N.W.2d 293, 297 (N.D.1982) (holding that depository bank owed no duty to payee of forged check to compare signature of payor with signature card when payee was not customer or depositor); *see also Bank Polska Kasa Opieki, S.A. v. Pamrapo Savings Bank, S.L.A.*, 909 F.Supp. 948, 956 (D.N.J.1995); *Roy Supply, Inc. v. Wells Fargo Bank, N.A.*, 39 Cal. App.4th 1051, 46 Cal.Rptr.2d 309, 325 (1995); *Anschutz v. Central National Bank of Columbus*, 173 Neb. 60, 112 N.W.2d 545, 550

(1961); *Pennsylvania National Turf Club, Inc. v. Bank of West Jersey*, 158 N.J.Super. 196, 385 A.2d 932, 936 (1978); *Gesell v. First National City Bank of New York*, 24 A.D.2d 424, 260 N.Y.S.2d 581, 581 (N.Y.A.D.1965); *Miller–Rogaska, Inc. v. Bank One, Texas, N.A.*, 931 S.W.2d 655, 663 (Tex.App.1996). This rule is based on the legal principle that there is no privity between the parties and that therefore the bank owes a stranger no duty of vigilance. *First National Bank of Washington v. Whitman*, 94 U.S. (4 Otto) 343, 344–45, 24 L.Ed. 229, 230–31 (1876); *Anschutz*, 112 N.W.2d at 550; *Baltimore & O.R. Co. v. First National Bank of Alexandria*, 102 Va. 753, 47 S.E. 837 (1904). Simply stated, absent extraordinary circumstances a bank is not liable in negligence to a noncustomer payee for having failed to ascertain whether a check paid by it bears the payee's genuine indorsement but is liable to its customer for the mishandling of that customer's account.[5] *Roy Supply, Inc.*, 46 Cal.Rptr.2d at 325; *Schleicher*, 314 N.W.2d at 297; *see also E.F. Hutton Mortgage Corp. v. Equitable Bank, N.A.*, 678 F.Supp. 567, 583 (D.Md. 1988); *cf. Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co.*, 127 Tex. 407, 93 S.W.2d 701, 705–07 (1936).

■ In the present case plaintiff does not dispute the fact that Fleet was acting in good faith, nor does she claim to be a customer of Fleet or an individual possessing any other kind of relationship with the bank. Further, plaintiff failed to present any facts to the motion justice showing that Fleet knew or had reason to know that the settlement check contained Volpe's forged indorsement when its customer, Jackvony, presented the check for deposit. Nor is there evidence that Fleet should have known from the face of the instrument or from the manner in which it was indorsed that the instrument

**5.** A bank, however, may be liable to the noncustomer payee in conversion under the Rhode Island Commercial Code. *See* G.L.1956 § 6A–3–419(1)(c). The rationale for permitting recovery under a claim of conversion is that the bank taking an instrument under a forged indorsement has no title to it and has exercised control over the check in a manner inconsistent with the rights of the true owner. Even under a theory of conversion, however, § 6A–3–419(3) provides a depository bank with a defense to liability. Specifically a depository bank that in good faith and in accordance with reasonable commercial standards deals with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in the bank's possession. Nonetheless, because plaintiff has failed to raise the issue of conversion in the proceedings below, we shall not now consider the matter on appeal.

was forged. It is well settled that one opposing a motion for summary judgment cannot rest upon the mere allegations or denials of his or her pleadings; rather he or she has an affirmative duty to set forth specific facts that show that a genuine issue of fact exists to be resolved at trial. *Boccasile v. Cajun Music Ltd.*, 694 A.2d 686, 690 (R.I.1997); *Sisters of Mercy of Providence, Inc. v. Wilkie*, 668 A.2d 650, 652 (R.I.1996). In the circumstances of this case we conclude that the plaintiff failed to set forth any material issue that remained to be resolved by the factfinder and that under the applicable law Fleet did not owe the plaintiff, a noncustomer, a duty to detect that her indorsement on the settlement check was forged.

For the reasons stated, the plaintiff's appeal is denied and dismissed. The summary judgment entered by the Superior Court is affirmed, and the papers of the case are remanded to the Superior Court.

BOURCIER, J., did not participate.