Carl WEIL, individually and d/b/a Carl Weil Insurance, Plaintiff–Appellant,

v.

FIRST NATIONAL BANK OF CASTLE ROCK, Defendant–Appellee.

No. 97CA1159.

Colorado Court of Appeals, Div. I.

June 24, 1999.

James H. Moss, P.C., James H. Moss, Lakewood, Colorado, for Plaintiff–Appellant.

Rothgerber, Appel, Powers & Johnson, Stephen T. Johnson, Denver, Colorado; Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., Stanley R. Parker, Topeka, Kansas, for Defendant–Appellee.

Opinion by Judge METZGER.

Plaintiff, Carl Weil, appeals the summary judgment entered in favor of defendant, First National Bank of Castle Rock (First National), dismissing his claims of negligence and gross negligence. We affirm.

Plaintiff owned an insurance agency and did business as "Carl Weil Insurance" or "CWI Insurance" from 1976–1993.

In January 1990, he formed Carl Weil Insurance, Inc., a Colorado corporation. The corporate authority to do business was suspended by the state in July 1992, and the corporation was involuntarily dissolved in January 1996. This corporation never transacted business or filed tax returns; plaintiff filed all his business tax returns as a sole proprietorship.

He did not register these, or any other, trade names with any government entity.

For business purposes, plaintiff maintained accounts at two banks, Kiowa State Bank and First United Bank. In the normal course of business, both plaintiff and his office manager wrote checks transferring funds between the two accounts. Both plaintiff and the office manager were authorized to transfer money between these two accounts.

In 1993, the office manager and the assistant office manager opened a checking account with First National in their own names d/b/a CWI Insurance, using the assistant's social security number. Plaintiff had no business or personal relationship with First National, other than having had a 1991 request for a business line of credit denied.

Between May and September 1993, the office manager and her assistant used the checking account at First National in a scheme to embezzle funds from CWI's legitimate business accounts by having the office manager write checks on those accounts to CWI, depositing them in the account at First National, and then writing checks on that account for their own purposes. Through this scheme, the two embezzled over $150,000 from plaintiff. Each was later convicted of theft and ordered to pay restitution.

Plaintiff brought this suit against First National on a number of grounds. The trial court dismissed all of his claims except two, one for negligence and one for gross negligence. After supplemental briefing, the court found First National owed no duty of care to plaintiff, and entered summary judgment in favor of First National on plaintiff's two remaining claims.

Plaintiff contends the trial court erred in entering summary judgment on his claims of negligence and gross negligence. We disagree.

A party is entitled to summary judgment when the "pleadings, affidavits, depositions and admissions on file" demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 426, 494 P.2d 1287, 1288 (1972).

The moving party has the burden of establishing the nonexistence of a genuine issue of material fact. If the moving party meets that burden, the burden then shifts to the nonmoving party to demonstrate that there is a triable issue of fact. *Continental Air*

*Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo. 1987).

To establish a claim for negligence, a plaintiff must show the existence of a legal duty owed by the defendant. *Board of County Commissioners v. Moreland,* 764 P.2d 812 (Colo.1988). A duty may arise from either legislative enactment or common law. *Dare v. Sobule,* 674 P.2d 960 (Colo.1984).

Whether a defendant owes a legal duty is a question of law for the court to resolve. *Greenberg v. Perkins,* 845 P.2d 530 (Colo.1993).

A court considers many factors in making a determination whether a defendant owed a duty of care to a plaintiff, including the risk involved, the foreseeability of the injury balanced against the social interest of a defendant's conduct, the burden of protecting against such harm, and the consequences of placing that burden upon a defendant. *Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo. 1987).

Plaintiff asserts that First National owed him duties to "inquire as to the authority of the agent to set up the account, deposit the forged checks and for the withdrawal of the money"; to "obtain a Taxpayer Identification Number from [the office manager and/or her assistant]"; to "obtain verification of the business name through third parties"; to "obtain verification by visit or by phone that the business exists"; to "obtain a trade name affidavit, articles of incorporation or partnership agreement"; to "obtain corporate resolution for opening an account or certification from owner of ability to do business with the bank"; and to "obtain certification from Colorado Secretary of State." However, plaintiff has not cited any authority to support his argument that First National owed such duties to him, and we have found none.

Courts in other jurisdictions have generally held that a bank does not owe such duties of care to a noncustomer. *See Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.,* 49 Cal.App.4th 472, 56 Cal.Rptr.2d 756 (1996); *Anschutz v. Central National Bank,* 173 Neb. 60, 112 N.W.2d 545 (1961) (liability of bank extends only to the customer with whom bank deals and with whom bank is in privity of contract); *Pennsylvania National Turf Club, Inc. v. Bank of West Jersey,* 158 N.J.Super. 196, 385 A.2d 932 (1978) (drawee bank had no duty to holder of checks because there was no relationship between them); *Gesell v. First National City Bank,* 24 A.D.2d 424, 260 N.Y.S.2d 581 (N.Y.App.Div. 1965) (no duty could be established where there--was no relationship between the plaintiff and the bank); *Volpe v. Fleet National Bank,* 710 A.2d 661 (R.I.1998) (a bank does not owe a duty of care to a noncustomer with whom it has no relationship); *Miller–Rogaska, Inc. v. Bank One,* 931 S.W.2d 655 (Tex. App.1996) (lack of fiduciary relationship between the plaintiff and the bank prevented the existence of a duty).

Moreover, after considering the factors in *Taco Bell, Inc. v. Lannon, supra,* we decline to create a new common law duty burdening banks and financial institutions with a duty to inquire into a customer's authority to use an unregistered trade name. It would be unreasonable to require banks to make an independent investigation of their customers' authority to use any particular unregistered trade name; and, a duty to inquire only of the customer would not prevent the kind of harm plaintiff suffered here.

Plaintiff's reliance on *Central, Inc. v. Cache National Bank,* 748 P.2d 351 (Colo. App.1987) is misplaced. There, an employee of Central, Inc., opened an account at Cache National Bank in his own name "d/b/a Central" and deposited checks payable to Central, Inc., into that account. Central, Inc., sued Cache National Bank for conversion under § 4–3–419(1)(c), C.R.S.1998. Cache National Bank asserted affirmative defenses under §§ 4–3–406 and 4–3–419(3), C.R.S. 1998, thus raising the issue whether its actions comported with reasonable commercial banking standards. A division of this court held that the bank had failed to act in accordance with reasonable commercial banking standards because it allowed checks payable to a corporation, a separate and distinct legal entity, to be deposited into a personal account without inquiring into the authority of the corporate employee to endorse and nego-

tiate those checks on behalf of the corporation.

Here, in contrast, checks payable to CWI Insurance were deposited into the office manager/assistant d/b/a CWI Insurance account. As the trial court determined, "setting forth CWI as the payee on the check failed to indicate in any manner the existence of a separate and distinct entity different from the individual endorsing and negotiating the instrument."

Thus, we agree with the trial court that, under the circumstances presented here, First National did not owe a duty to plaintiff to inquire into the legitimacy of the use of an unregistered trade name by the office manager and the assistant. Accordingly, the trial court's entry of summary judgment against plaintiff on his claims of negligence and gross negligence was proper.

Because plaintiff's remaining contention of error was not raised in the trial court, we decline to address it on appeal. *Hoyman v. Coffin*, 976 P.2d 311 (Colo.App.1998).

The judgment is affirmed.

Judge TAUBMAN and Judge CASEBOLT concur.