2003 UT App 319

**Tom RAMSEY, Plaintiff and Appellant,**

v.

**Bruce HANCOCK; First Security Bank, N.A., nka Wells Fargo Bank; and John Does 1 through 10, Defendants and Appellees.**

No. 20020530–CA.

Court of Appeals of Utah.

Sept. 25, 2003.

---

**424**

Bernard L. Allen, Richards Caine & Allen PC, Ogden, for Appellant.

Stephen C. Tingey and Melissa H. Bailey, Ray Quinney & Nebeker, Salt Lake City, for Appellees.

Before Judges JACKSON, BILLINGS, and GREENWOOD.

## OPINION

GREENWOOD, Judge:

¶ 1 Tom Ramsey (Plaintiff) appeals the trial court's grant of First Security Bank's (First Security) Motion to Dismiss under Utah Rule of Civil Procedure 12(b)(6). We affirm.

## BACKGROUND [1]

¶ 2 Plaintiff sold livestock through the Ogden Livestock Auction (the Auction) in Farr West, Utah, from approximately January 1, 1997 through October 1, 1997. During this time, Bruce Hancock [2] was an employee of the Auction.[3] The Auction and Plaintiff agreed that Hancock would deliver to Plaintiff checks for proceeds from the sale of Plaintiff's livestock. The checks were written on the Auction's accounts at Zions First National Bank, naming Plaintiff as payee.

¶ 3 While Hancock delivered some of the checks to Plaintiff, twenty-three of the checks, totaling more than $194,000, were deposited in Hancock's First Security accounts. In at least one instance, the check bore no endorsement. Most of the checks, however, bore Plaintiff's forged endorsement.

¶ 4 Plaintiff did not endorse any of the checks or authorize the deposits; he was not a customer of First Security and did not have a contractual agreement with First Security. When Plaintiff discovered the missing funds, he notified the Auction and First Security and later initiated this lawsuit. Plaintiff's complaint alleges that Hancock forged Plaintiff's endorsement and deposited the checks, and that First Security was negligent in depositing checks with a forged endorsement or without endorsement.

¶ 5 First Security filed a Motion to Dismiss under Utah Rule of Civil Procedure 12(b)(6). The trial court granted the motion, holding that First Security did not owe Plaintiff, a noncustomer of First Security, a duty. Plaintiff appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 The issue before this court is whether a non-payor depository bank owes a duty of care to a noncustomer payee of a check deposited by a customer of the depository bank. " 'Because the propriety of a 12(b)[ (6) ] dismissal is a question of law, we give the trial court's ruling no deference and review it under a correctness standard.' " *Ho v. Jim's Enters., Inc.*, 2001 UT 63, ¶ 6, 29 P.3d 633 (quoting *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991)). In its review, this court "must accept the material allegations of the complaint as true, and the trial court's ruling should be affirmed only if it clearly appears the complainant can prove no set of facts in support of his or her claims." *Hansen v. Department of Fin. Insts.*, 858 P.2d 184, 186 (Utah Ct. App.1993).

---

1. "On appeal from a motion to dismiss, we review the facts as they are alleged in the complaint. We 'accept the factual allegations in the complaint as true and consider all reasonable inferences to be drawn from those facts in a light most favorable to the plaintiff.' " *Ho v. Jim's Enters., Inc.*, 2001 UT 63, ¶ 2, 29 P.3d 633 (quoting *Prows v. State*, 822 P.2d 764, 766 (Utah 1991)).

2. Although Bruce Hancock is a named defendant in this action this appeal does not affect him.

3. The Auction was involuntarily dissolved by the State in January 1999.

## ANALYSIS

¶ 7 Plaintiff maintains the trial court erred when it granted First Security's Motion to Dismiss under Utah Rule of Civil Procedure 12(b)(6). Plaintiff alleges that First Security breached its duty of care, and was thereby negligent in depositing checks without endorsement or with forged endorsements, and in failing to follow reasonable commercial banking procedures and standards when it failed to verify the endorsements.

¶ 8 On appeal from the grant of this motion to dismiss, this court must determine whether the allegations in the complaint are sufficient to support Plaintiff's negligence claim. "To prevail on a negligence claim, a plaintiff must establish that the defendant owed a duty of reasonable care to him or her. 'Absent a showing of duty, [the plaintiff] cannot recover.' " *Jackson v. Mateus,* 2003 UT 18,¶ 7, 70 P.3d 78 (alteration in original) (quoting *Slisze v. Stanley–Bostitch,* 1999 UT 20,¶ 9, 979 P.2d 317). "The question of whether a duty exists is a question of law and is reviewed for correctness." *Slisze,* 1999 UT 20 at ¶ 9, 979 P.2d 317 (quotations and citations omitted).

¶ 9 Utah has not addressed whether a nonpayor depository bank owes a noncustomer a duty of care.[4] However, courts in other jurisdictions have held that a bank does not have a duty to a noncustomer. In the three cases discussed below, *Miller–Rogaska, Inc. v. Bank One,* 931 S.W.2d 655 (Tex.App.1996), *Volpe v. Fleet National Bank,* 710 A.2d 661 (R.I.1998), and *Anschutz v. Central National Bank of Columbus,* 173 Neb. 60, 112 N.W.2d 545 (1961), the courts considered the issue before this court: whether a depository bank owes a duty to a noncustomer payee. In each case, the courts held that the banks do not have a duty to the noncustomer payee.

¶ 10 In *Miller,* the plaintiff payee claimed defendant depository bank, Bank One, and defendant payor bank, Citibank, were negligent. *See id.,* 931 S.W.2d at 657. A check payable to the payee was accidentally mailed to the wrong company, which stamped a "For Deposit" endorsement on the check and deposited it at Bank One. *See id.* When the mistake was realized, the amount deposited was returned to the drawer of the check. *See id.* at 657–58. However, because the payee never received the check as payment he was owed, and because the drawer declared bankruptcy during the relevant time, the payee sued the depository bank for, inter alia, negligence. *See id.* at 658–59.

¶ 11 The appellate court upheld the grant of summary judgment in favor of the banks, holding that the payee "was not a customer of either bank, nor did it have a relationship with either bank." *Id.* at 664. Because the payee "failed to produce any evidence establishing a legal duty owed to [the payee] by the banks," the negligence action failed. *Id.* Plaintiff in the case before this court and the payee in *Miller* are similarly situated in that neither had a relationship with the defendant depository bank.

¶ 12 In *Volpe v. Fleet National Bank,* 710 A.2d 661 (R.I.1998), the payee's endorsement was forged by her attorney, without her knowledge or authority, on a check payable to both of them. *See id.* at 662. The attorney was a customer at the depository bank; the payee was not. *See id.* In the payee's negligence action against the depository bank, the appellate court upheld the award of summary judgment in favor of the bank, holding that the depository bank owed the payee no duty. *See id.* at 661. The payee argued, as does Plaintiff in this case, that the depository bank had a duty to inspect the endorsement signatures and that it was a

---

4. Utah case law has not previously addressed this issue, although the Utah Supreme Court has held that "that UCC section 4–103 recognizes a bank's duty to act in good faith and exercise ordinary care in all its dealings." *Arrow Indus., Inc. v. Zions First Nat'l Bank,* 767 P.2d 935, 938 (Utah 1988); *see* Utah Code Ann. § 70A–4–104 (2001). In *Arrow,* the court held that based on an alleged oral contract between the parties, and on the payor bank's duty to exercise good faith and ordinary care in all its dealings, the payee's claims should not have been dismissed. *See id.* at 938–39. The facts in *Arrow* differ from those in the case before this court because the payee had a contractual agreement with the payor bank, whereas in this case there is no such agreement. *Arrow* makes clear that where there is a relationship between the parties, a duty is owed; however, the question of a bank's duty to a noncustomer, or to one who is not contractually related to the bank, is not addressed. *See id.*

breach of that duty to accept the check for deposit. *See id.* at 663. However, the court in *Volpe* held that

> the bank owes no duty of care to a noncustomer with whom it has no relationship. This rule is based on the legal principle that there is no privity between the parties and that therefore the bank owes a stranger no duty of vigilance. Simply stated, absent extraordinary circumstances a bank is not liable in negligence to a noncustomer payee for having failed to ascertain whether a check paid by it bears the payee's genuine indorsement but is liable to its customer for the mishandling of that customer's account.

*Id.* at 664 (footnote omitted).

¶ 13 Plaintiff argues that the number of checks the depository bank accepted—one in *Volpe* and twenty-three in this case—distinguishes the two cases. Plaintiff maintains the twenty-three checks constitute an "extraordinary circumstance[ ]," *id.,* and that therefore the bank's duty of care is different. However, Plaintiff fails to cite any authority to support this argument. We are not persuaded that the number of checks deposited is sufficient to create a duty where one does not exist. Thus, Plaintiff's argument is unavailing.

¶ 14 Although the claims in *Anschutz v. Central National Bank of Columbus,* 173 Neb. 60, 112 N.W.2d 545 (1961) were not for negligence, the court's reasoning applies to this case. In *Anschutz,* the appellate court affirmed the lower court's demurrer, holding that "a drawee bank which unwittingly pays a check to a subsequent endorser where the endorsement of the payee was previously forged is not liable in an action by the payee either on contract or for money had and received or for conversion." *Id.* at 551. It was alleged that the plaintiff's signature as both payee and endorser was forged on two checks. *See id.* at 546. The court considered the implications of allowing a payee, rather than the drawer, to bring an action against the drawee bank.[5] *See id.* at 550.

Holding that the payee could not bring the action, the court wrote,

> [i]n many instances the drawee bank has no means of verifying the authenticity of endorsements made by those who are not their customers ... and whose signatures are wholly unknown to it. In such case it would appear that there is a reasonable basis for restricting the bank's liability to the customer with whom it deals. This leaves the question relating to the proof of the matters with respect to the forgery and the negligence, if any, of the maker and payee to be determined in an action between them.

*Id.; see also IBP, Inc. v. Mercantile Bank of Topeka,* 6 F.Supp.2d 1258, 1265 (D.Kan.1998) (addressing whether non-payor depository bank owes duty of care to drawer of check to examine instrument before accepting it, stating "nearly every court has reasoned that a bank owes no duty of care to a non-customer with whom it has no relationship"); *Bank Polska Kasa Opieki v. Pamrapo Sav. Bank,* 909 F.Supp. 948, 956 (D.N.J.1995) (dismissing action against defendant depository bank stating, "[Defendant depository] Pamrapo cannot be liable to [plaintiff drawer] Bank Polska in negligence because, as a depositary bank, it had no direct dealings with Bank Polska and therefore owed it no duty."); *Roy Supply Inc. v. Wells Fargo Bank,* 39 Cal. App.4th 1051, 46 Cal.Rptr.2d 309, 312 (1995) (affirming lower court's dismissal of the defendant's individual negligence claim because the bank "did not owe a duty of care to [the plaintiff] individually as he was not a customer of the Bank"); *Weil v. First Nat'l Bank of Castle Rock,* 983 P.2d 812, 814 (Colo.Ct.App. 1999) (holding bank generally has no duty to noncustomer with whom it has no relationship); *Pennsylvania Nat'l Turf Club, Inc. v. Bank of West Jersey,* 158 N.J.Super. 196, 385 A.2d 932, 936 (1978) (holding no duty owed by drawee bank to holder of checks absent "agreement, undertaking or contact between plaintiff and defendant from which any special duty can be derived").

---

5. Indeed, a remedy may have been available in this case if the drawer (the Auction) had brought an action against the drawee bank (Zions First National Bank). The drawee bank would then be able to recover from the depository bank (First Security), through the statutorily mandated collection process. *See* Utah Code Ann. §§ 70A–4–102 to –504 (2002).

¶ 15 In *Anschutz, Volpe,* and *Miller,* the courts held that a depository bank does not owe a duty to a noncustomer payee. Still other courts have considered whether a duty is owed to a noncustomer when the parties are not necessarily payee and depository bank. Despite the differing roles, these cases also hold that a bank owes no duty to one who is neither a customer of the bank nor contractually related to the bank.

¶ 16 For example, in *ALG, Inc. v. Estate of Eldred,* 29 Kan.App.2d 1011, 35 P.3d 931 (2001), the defendant employees embezzled money from the plaintiff employers. *See id.* at 933. Of the 138 embezzled checks, twenty-five were drawn on the same bank into which they were deposited. *See id.* The remaining 113 checks were drawn on a bank other than the depository bank. Because "[p]laintiffs were not in a customer-payor bank relationship with [the depository bank] with respect to those 113 checks," plaintiffs' motions for summary judgment and to alter or amend the judgment, or grant a new trial, were denied. *Id.* at 934. The court of appeals affirmed. *See id.*

¶ 17 The plaintiffs in *ALG* were not the payees of the checks, as in this case. Nevertheless, the court held that the bank was not liable for those checks which were not drawn on the depository bank, based on the lack of a "customer-payor bank relationship." *Id.* So too in this case, there is no customer-payor bank relationship between First Security and Plaintiff. *ALG* supports our holding that absent a customer or contractual relationship, First Security owes Plaintiff no duty.

¶ 18 Further, in *Schleicher v. Western State Bank,* 314 N.W.2d 293 (N.D.1982), the plaintiff argued that the bank had a duty to him, the payee of a check with a forged payor's signature, and that this duty was breached when the bank did not compare the signature of the payor with its signature card. *See id.* at 297. As in the case before this court, the plaintiff was not a customer or depositor of the bank.[6] The court held that under the facts of the case, "the Bank did not have the duty to the payee of a forged check to compare the signature of the payor with its signature card in order to determine the authenticity of the payor's signature, where the payee is not a customer or depositor." *Id.*

¶ 19 In comparison, the twenty-three checks at issue in this case had forged endorsements or no endorsement, rather than a forged payor's signature. However, contrary to Plaintiff's arguments, this difference does not impose a duty on the depository bank to examine its customer's signature card or to directly contact the payee before accepting the check.[7] Indeed, in this case, looking at the signature card of First Security's customer, Hancock, would do nothing to determine the authenticity of Plaintiff's forged endorsement, since Plaintiff was not a customer of the bank, and his endorsement is unrelated to Hancock's signature card. Therefore, this case is similar to *Schleicher,* where the bank had no duty to determine the authenticity of the plaintiff's signature, where the plaintiff was not a customer of the bank.

## CONCLUSION

¶ 20 Although the cases discussed above are from jurisdictions other than Utah, they consistently hold that a bank does not owe a duty to a noncustomer payee. Therefore, we hold the trial court did not err when it held that depository bank First Security did not owe payee Plaintiff, a noncustomer of the bank, a duty and granted First Security's motion to dismiss. Plaintiff's complaint fails to allege sufficient facts to support his negligence action against First Security. We affirm.

---

6. The plaintiff was not a depositor in *Schleicher v. Western State Bank,* 314 N.W.2d 293 (N.D. 1982), because he endorsed the check "Remit in cashier's check only/John Schleicher." *See id.* at 294.

7. Plaintiff maintains that *Schleicher* is inapplicable because the plaintiff was claiming damages for "malicious prosecution; defamation, libel, and slander; intentional infliction of emotional distress; invasion of privacy; return of proceeds of the check he was alleged to have forged; and punitive damages." *Id.* at 294. While the cause of action is different, the analysis concerning a bank's duty to a noncustomer payee is similar.

¶ 21 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and JUDITH M. BILLINGS, Associate Presiding Judge.