2004 UT App 469

**Ronald Rex IVIE, Plaintiff
and Appellant,**

v.

**Sen. John William HICKMAN, Rep. Stephen H. Urquhart, State of Utah, and Department of Health, Defendants and Appellees.**

No. 20040071–CA.

Court of Appeals of Utah.

Dec. 16, 2004.

David J. Holdsworth, Sandy, for Appellant.

M. Gay Taylor and Robert H. Rees, Salt Lake City, for Appellees.

Before BENCH, Associate P.J., DAVIS, and GREENWOOD, JJ.

GREENWOOD, Judge:

¶ 1 Plaintiff Ronald Rex Ivie appeals the trial court's dismissal of his complaint against State Senator John William Hickman and State Representative Stephen H. Urquhart (Legislative Defendants). Plaintiff argues that the trial court erred in concluding that the actions of the Legislative Defendants were within the legitimate legislative sphere, and thus, they were immune from suit under the Utah Constitution. *See* Utah Const. art. VI, § 8 (providing legislative immunity "for words used in any speech or debate in either

house"). We affirm, albeit on a different basis.

## BACKGROUND[1]

¶2 Plaintiff was employed by the Utah Department of Health Department as a general sanitation and safety manager for thirteen years. In mid–2001, Plaintiff's supervisor assigned him to conduct training sessions on State administrative rules regarding public swimming pool sanitation and safety with the staff of the St. George and Cedar City local health departments. After conducting these training sessions, Plaintiff reported to his supervisor that these two local health departments were not enforcing Utah Administrative Code R392–302 regarding the design, construction, and operation of public swimming pools.

¶3 After Plaintiff reported his findings to his supervisor, a constituent of the Legislative Defendants complained to them that she believed her swimming pool in a retirement community should be exempt from administrative rules regulating public swimming pools. Plaintiff spoke with the Legislative Defendants about the requirements of the administrative rules. In their conversation, the Legislative Defendants insisted that Plaintiff exempt pools operated by retirement communities in their geographic area from portions of the State rules. When Plaintiff told them that he could not exempt these types of pools, the Legislative Defendants told Plaintiff that if he did not comply with their wishes, they would deal with the issue in their own way, through legislative action.

¶4 During the Utah Legislature's next general session, the Joint Executive Appropriations Committee, which was co-chaired by Senator Hickman, voted to cut $115,700.00 from the Department's budget. The committee action did not designate from which area of the Department's budget the money was to be taken, nor did it target any particular positions to be eliminated. The appropriation committee's recommendations were later passed by both houses of the Utah Legislature as part of Senate Bill 1.[2]

¶5 According to Plaintiff's complaint, sometime after the budget reduction, Senator Hickman made a real or veiled threat to Department Executive Director Rod Betit, that if he did not implement the budget cuts to eliminate Plaintiff's position, Senator Hickman would push for future cuts in the Department's budget appropriations. Subsequently, Plaintiff's position was eliminated and his employment terminated. Plaintiff unsuccessfully appealed his termination to the Department head.

¶6 Plaintiff subsequently filed a complaint against the Legislative Defendants, the State of Utah, and the Department claiming a violation of the Utah Protection of Public Employees Act (UPPEA). *See* Utah Code Ann. §§ 67–21–1 to –9 (2004). The Legislative Defendants filed a motion to dismiss on the basis that (1) they were immune from suit under the principle of legislative immunity, and (2) they were not an employer under the UPPEA. The trial court granted the motion to dismiss holding that the Legislative Defendants were immune from suit for actions alleged in the complaint. Subsequently, Plaintiff stipulated to dismissal of the complaint against the State of Utah and the Department. Plaintiff filed a timely notice of appeal with regard to the trial court's dismissal of his complaint against the Legislative Defendants.

## ISSUE AND STANDARD OF REVIEW

■ ¶7 Plaintiff argues on appeal that the trial court erred in dismissing his complaint on the basis that the Legislative Defendants were immune from Plaintiff's claims under the Speech and Debate Clause of the Utah

---

1. "On appeal from a motion to dismiss, we review the facts as they are alleged in the complaint. We accept the factual allegations in the complaint as true and consider all reasonable inferences to be drawn from those facts in a light most favorable to the plaintiff." *Ramsey v. Hancock,* 2003 UT App 319,¶1 n. 1, 79 P.3d 423 (quotations and citations omitted).

2. The facts surrounding the passage of Senate Bill 1 were not included in Plaintiff's complaint; however, without objection by Plaintiff, the trial court took judicial notice of the procedural history of Senate Bill 1.

Constitution. *See* Utah Const. art. VI, § 8. "Because the propriety of a 12(b)[ (6) ] dismissal is a question of law, we give the trial court's ruling no deference and review it under a correctness standard." *Ramsey v. Hancock*, 2003 UT App 319,¶ 6, 79 P.3d 423 (alteration in original) (quotations and citations omitted). "In its review, this court 'must accept the material allegations of the complaint as true, and the trial court's ruling should be affirmed only if it clearly appears the complainant can prove no set of facts in support of his or her claims.' " *Id.* (citation omitted).

## ANALYSIS

¶ 8 Plaintiff argues that the trial court erred by concluding that the Legislative Defendants are immune from suit for their actions under the Speech and Debate clause of the Utah Constitution. · In response, the Legislative Defendants argue that (1) the trial court correctly determined the Legislative Defendants were immune from suit, and (2) this court may affirm the trial court's dismissal of Plaintiff's complaint because his only claim for relief, based on the UPPEA, fails. Although the State raised the latter argument as part of its motion to dismiss, the trial court chose not to decide this issue; instead, it dismissed Plaintiff's complaint based on the principle of legislative immunity. Because Plaintiff's complaint against the Legislative Defendants is based solely on his UPPEA claim, without it, Plaintiff's complaint fails to state a claim upon which relief can be granted. *See* Utah R. Civ. P. 12(b)(6). Therefore, we first address the validity of Plaintiff's UPPEA claim.[3]

¶ 9 Utah's "whistle blower" statute, which is contained in the UPPEA, states:

(1)(a) An employer may not take adverse action against an employee because the employee ... communicates in good faith the existence of any waste of public funds, property, or manpower, or a violation of suspected violation of a law, rule, or regulation adopted under the law of this state. . . .

. . . .

(3) An employer may not take adverse action against an employee because the employee has objected to or refused to carry out a directive that the employee reasonably believes violates a law of this state, a political subdivision of this state, or the United States, or a rule or regulation adopted under the authority of the laws of this state, a political subdivision of this state, or the United States.

Utah Code Ann. § 67–21–3(1)(a), (3) (2000). Under the UPPEA, "[e]mployer" is defined as "the employing state agency or political subdivision of the state." *Id.* § 67–21–2(4)(a) (2000). The definition of employer includes "an agent of an employer." *Id.* § 67–21–2(4)(b).

¶ 10 Plaintiff concedes that the Department, not the Legislative Defendants, is his "employing state agency or political subdivision of the state." However, Plaintiff argues that through their actions affecting him, the Legislative Defendants were acting as agents of his employer, and therefore should be considered an employer for purposes of the UPPEA. We disagree.

¶ 11 "To be an agent, a person must be authorized by another to 'act on his behalf and subject to his. control.' " *Gildea v. Guardian Title Co. of Utah*, 970 P.2d 1265, 1269 (Utah 1998) (quoting Restatement (Second) of Agency § 1 (1958)). The Legislative Defendants, in their positions as legislators, do not act on behalf of the Department, nor are they subject to the control of the Department. In fact, it is more likely true, given

---

3: It is ·well settled that an appellate court may affirm the judgment appealed from "if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and this is true even though such ground or theory is not urged or argued on appeal by appellee, was not raised in the lower court, and was not considered or passed on by the lower court."

*Bailey v. Bayles*, 2002 UT 58,¶ 10, 52 P.3d 1158 (quoting *Dipoma v. McPhie*, 2001 UT 61,¶ 18, 29 P.3d 1225). "However, not only must the alternative ground be apparent on the record, it must also be sustainable by the factual findings of the trial court." *State v. Topanotes*, 2003 UT 30,¶ 9, 76 P.3d 1159.

Plaintiff's allegations, that the Department was acting under the direction of the Legislative Defendants, and thus acting as their agent by eliminating the specified positions.

¶ 12 While public policy arguments favor the general protection of state employees from retaliation and retribution, the UPPEA is very clear about who is an employer under the act. Consequently, the UPPEA does not provide a proper legal basis for Plaintiff's suit against the Legislative Defendants. The Legislative Defendants are not Plaintiff's employer, nor are they agents of his employer. *See* Utah Code Ann. § 67–21–2(4)(a), (b). Therefore, because the UPPEA was the sole basis of Plaintiff's complaint against the Legislative Defendants, he failed to state a claim upon which relief can be granted.[4]

¶ 13 For these reasons, we affirm the trial court's dismissal of Plaintiff's complaint. Because of our disposition of Plaintiff's appeal on this issue, we need not address whether the actions of the Legislative Defendants are protected under the Speech and Debate Clause of the Utah Constitution. *See* Utah Const. art. VI, § 8.

¶ 14 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge, and JAMES Z. DAVIS, Judge.

4. Plaintiff argues that if this court determines that legislators are not employers under the UPPEA, and are exempt from its coverage, this court should also examine the constitutionality of the UPPEA. We decline this invitation for two reasons. First, this court's holding that the Legislative Defendants are not employers under the UPPEA only applies to the facts of this case. It does not preclude the possibility, under different factual circumstances, that a legislator could be an employer under the UPPEA. We additionally decline to address this argument because Plaintiff does not provide any analysis as to why the UPPEA is unconstitutional.