2005 UT App 401

**BARNARD & BURK GROUP, INC.; and/or National Union Fire, Petitioners,**

v.

**LABOR COMMISSION and Johnny Albert, Respondents.**

No. 20040987–CA.

Court of Appeals of Utah.

Sept. 22, 2005.

Rafael A. Seminario, Carrie T. Taylor, and Michael K. Woolley, Richards Brandt Miller & Nelson, Salt Lake City, for Petitioners.

Richard R. Burke, King, Burke & Schapp PC, Alan Hennebold, Labor Commission, Floyd W. Holm, and Elliot K. Morris, Workers Compensation Fund, Salt Lake City, for Respondents.

Before Judges DAVIS, ORME, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Barnard & Burk Group, Inc. (Barnard) and its insurer National Union Fire appeal from the Labor Commission's (Commission) award of medical expenses and permanent partial disability compensation to Johnny Albert, arising from a 1991 industrial accident. The majority of Barnard's arguments challenge the Commission's decision that Barnard failed to properly raise a statute of limitations defense under its pleading rules. *See* Utah Admin. Code R602–2–1D.[1] We affirm.

---

1. The applicable provision of the Utah Administrative Code has since been renumbered with minor changes. *See* Utah Admin. Code R602–2–1C2. The changes are inconsequential to our analysis and we cite to the version in effect at the time of Albert's injury.

## FACTUAL BACKGROUND

¶ 2 Beginning in 1982, Johnny Albert suffered a series of industrial accidents while working for various employers. One of these accidents occurred on January 21, 1991 while Albert was employed by Barnard. In 2001, Albert filed an application for hearing against Barnard with the Commission, seeking medical expenses, temporary total disability compensation, and permanent partial disability compensation. In 2002, Albert filed an amended application for hearing adding a claim for permanent total disability.

¶ 3 Barnard filed an answer to Albert's hearing applications in June 2002. In its list of defenses, Barnard's answer stated that "Defendants affirmatively allege the applicant's claims are or may be barred or limited by the statutes of limitation and/or notice provisions contained in Utah Code Annotated § 34A–2 et seq., § 34A–3 et seq., and § 35–1 et seq." A formal hearing took place before an Administrative Law Judge (ALJ) in December 2002, addressing Albert's worker compensation claims against Barnard and four other previous employers. Outside of the broad, pro forma reference in its answer, Barnard did not raise a specific statute of limitations or notice defense prior to or at the formal hearing. The ALJ's July 22, 2003 Order awarded Albert medical expenses and permanent partial disability compensation from Barnard arising from the 1991 accident.

¶ 4 Barnard filed a motion for review before the Commission Appeals Board (Board), arguing that the ALJ erred by failing to apply the statute of limitations defense found in Utah Code section 34A–2–417. *See* Utah Code Ann. § 34A–2–417(1), (2) (2001). The Board denied Barnard's appeal and a subsequent motion for reconsideration, determining that Barnard had failed to raise the limitations defense with sufficient accuracy and detail to fully inform Albert of the nature of the defense as required by rule. *See* Utah Admin. Code R602–2–1D. The Board also rejected Barnard's contention that a medical review panel must be appointed to evaluate Albert's need for future medical treatment. Barnard appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 5 Barnard appeals the Commission's application of Utah Administrative Code Rule 602–2–1D to bar its statute of limitations defense, and also argues that the Commission's award of medical expenses is inconsistent with its own factual findings. "The Legislature has granted the Commission discretion to determine the facts and apply the law to the facts in all cases coming before it. As such, we must uphold the Commission's determination unless the determination exceeds the bounds of reasonableness and rationality.'" *McKesson Corp. v. Labor Comm'n*, 2002 UT App 10, ¶ 11, 41 P.3d 468 (alterations omitted) (quoting *AE Clevite, Inc. v. Labor Comm'n*, 2000 UT App 35, ¶ 7, 996 P.2d 1072).

## ANALYSIS

■ ¶ 6 "Statute of limitations defenses are affirmative defenses and are waived unless properly raised." *Brown & Root Indus. Serv. v. Industrial Comm'n of Utah*, 947 P.2d 671, 677 (Utah 1997). Rule 602–2–1D of the Utah Administrative Code requires that affirmative defenses be pleaded "with sufficient accuracy and detail that an applicant may be fully informed of the nature of the defenses asserted." Utah Admin. Code R602–2–1D. The Commission determined that Barnard failed to comply with rule 602–2–1D when its answer stated merely that Albert's claims "are or may be barred or limited by the statutes of limitation and/or notice provisions contained in Utah Code Annotated § 34A–2 et seq., § 34A–3 et seq., and § 35–1 et seq."

■ ¶ 7 Barnard argues that the Commission's interpretation and application of rule 602–2–1D exceeds its rule-making authority under the Utah Administrative Procedures Act (UAPA). *See* Utah Code Ann. §§ 63–46b–0.5 to –23 (2004). The Commission has the statutory authority to "make rules governing adjudicative procedures including the forms of notices and the manner of serving notice in all claims," subject to the provisions of UAPA. Utah Code Ann. § 34A–1–304(1)(a) (2001). Clearly, the pleading requirements of rule 602–2–1D are procedural, and the

Commission has been granted the authority to enact such rules unless they conflict with UAPA.

¶ 8 Barnard argues that the Commission's application of rule 602–2–1D conflicts with section 63–46b–6(1) of UAPA. *See* Utah Code Ann. § 63–46b–6(1). We disagree. Section 63–46b–6(1) merely requires that, in formal administrative proceedings, a respondent's written answer "shall include" certain elements, including "a statement summarizing the reasons that the relief requested should be granted." *Id.* Rule 602–2–1D does nothing more than clarify that when the relief requested is in the nature of an affirmative defense, the summary required under section 63–46b–6(1) must have sufficient accuracy and detail to fully inform the applicant of the defense asserted. Barnard has not identified any other conflict between rule 602–2–1D and UAPA, and accordingly the Commission had the authority to enact rule 602–2–1D as a procedural rule.

¶ 9 Barnard further argues that the Commission's application of rule 602–2–1D erroneously interprets that rule and arbitrarily and capriciously departs from the rule of liberality in construction of administrative pleadings. When reviewing an agency's interpretation of its own rules, "we apply an intermediate standard of review, deferring to an agency's interpretation as long as it is both reasonable and rational." *Westside Dixon Assocs. v. Utah Power & Light Co.,* 2002 UT 31, ¶ 7, 44 P.3d 775. Here, we have little trouble in determining that the Commission reasonably and rationally interpreted rule 602–2–1D's "accuracy and detail" element to require more than Barnard's bare reference to "statutes of limitation and/or notice provisions" that may be contained in some 200 pages of the Utah Code Annotated.[2]

¶ 10 Barnard's argument that there is only one statute of limitations in the cited code chapters applicable to the claims asserted by Albert does not alter our conclusion. To the contrary, this argument merely highlights the ease with which Barnard could have cited the appropriate statute. Moreover, Barnard's answer could as easily be interpreted as asserting a notice defense under Utah Code section 34A–2–407(1). *See* Utah Code Ann. § 34A–2–407(1) (2001) (requiring an employee to notify his employer or the division within 180 days of a workplace injury to preserve benefits). The inapplicability of other notice or statutes of limitations may appear clear in hindsight, but at the pleading stage is limited only by the creativity of the parties and their counsel. In any event, rule 602–2–1D is intended to "fully inform" an applicant rather than send him on a wild goose chase through multiple titles of the Utah Code.[3] The Commission's interpretation of rule 602–2–1D is reasonable and rational, and we will not disturb it.

¶ 11 Barnard correctly argues that administrative pleadings are to be liberally construed. *See Pilcher v. Department of Soc. Servs.,* 663 P.2d 450, 453 (Utah 1983). Liberal construction only goes so far, however, and neither the Commission nor this court is obligated to give pleadings such a liberal interpretation as to swallow up the reasonable and rational rules of procedure implemented by the Commission. Barnard's pleading fell well outside of the requirements of rule 602–2–1D, and we find nothing arbitrary or capricious in the Commission's application of its rule to bar Barnard's defense.

¶ 12 Contrary to Barnard's argument on appeal, the Commission did not adopt a technical requirement that statute of limitations

---

**2.** We also note that Chapter 35 of the Utah Code had been repealed after Albert's accident but before Barnard's answer, leaving Albert to speculate as whether Barnard's citation to "§ 35–1 et seq." was invoking the repealed code sections or some current renumbering of them.

**3.** The requirement of specificity in the pleading of statute of limitations defenses is hardly an unfamiliar one. Although the Utah Rules of Civil

Procedure are not applicable to this administrative action, we note that rule 9(h) requires civil pleadings asserting a statute of limitations defense to specifically identify the statute relied upon, "referring to or describing such statute specifically and definitely by section number, subsection designation, if any, or otherwise designating the provision relied upon sufficiently clearly to identify it." Utah R. Civ. P. 9(h).

defenses be pleaded down to the subsection.[4] Rather, the Commission determined that Barnard's reference "in very broad terms to old and current versions of the entire Worker's Compensation Act and the entire Occupational Disease Act," combined with its failure to plead a factual basis for its defense, did not comply with a rule requiring sufficient accuracy and detail to fully inform Albert of Barnard's defense.[5] Even construed liberally, Barnard's pleading failed to adequately raise the applicable statute of limitations defense under the Commission's reasonable interpretation of rule 602–2–1D.

¶ 13 We also note that Barnard did not present any evidence or argument regarding its statute of limitations defense prior to or at the December 2002 hearing. "A statute of limitations is an affirmative defense that must be expressly pleaded *and proved by the party raising such defense.*" *Beehive Tel. Co. v. Public Serv. Comm'n of Utah,* 2004 UT 18, ¶ 52, 89 P.3d 131 (emphasis added); *see also Conder v. Hunt,* 2000 UT App 105, ¶ 14, 1 P.3d 558 ("As with any affirmative defense, defendants have the burden of proving every element necessary to establish that the statute of limitations bars [plaintiff's] claim." (alteration in original) (quoting *Seale v. Gowans,* 923 P.2d 1361, 1363 (Utah 1996))). Although the issue is not argued by the parties, it appears that this failure represents a waiver of the defense that would provide a separate ground for affirmance apparent on the record.[6] In any event, Barnard's failure to assert its limitations defense at any time between its answer and its post-trial motion only aggravates the inadequacy

of its pleading. *Cf. Gill v. Timm,* 720 P.2d 1352, 1354 (Utah 1986) (suggesting that the presentation of evidence and argument regarding an affirmative defense at trial may allow a defendant to amend its answer post-trial to include that defense).

¶ 14 Finally, Barnard argues that the Commission's order that Barnard pay Albert's reasonable medical expenses arising from the 1991 injury is inconsistent with its failure to find that Albert actually incurred such medical expenses. We see no such inconsistency. The Commission did not find that Albert incurred no expenses, but instead failed to quantify such expenses as he may have incurred. The Commission did find that Albert "went to a chiropractor for treatment," and the parties' briefs suggest that the costs for this treatment were minimal and were paid by Barnard long prior to the hearing.

¶ 15 In its reply brief, Barnard clarifies that its concern with the medical expenses award is that it may subject Barnard to open-ended liability for future expenses that may be alleged to arise from Albert's 1991 accident. While open-ended awards of future medical expenses are improper, *see United States Fid. & Guar. Co. v. Industrial Comm'n,* 657 P.2d 764, 769 ("An open-ended award of future expenses is improper."), it appears that the Commission's decision in this case reflects an implicit assumption that there will be no future medical expenses arising from the 1991 injury. To the extent that a dispute actually arises over future medical expenses, the Commission retains continuing jurisdiction to modify its findings

---

4. We also disagree with Barnard's characterization of the Commission's actions as creating a strict compliance requirement for the pleading of affirmative defenses. Barnard made no meaningful effort to comply with rule 602–2–1D, and the Commission's decision merely reflects that failure.

5. The Commission determined that one of Barnard's codefendants, Quality Plating, complied with rule 602–2–1D by specifically identifying Utah Code section 34A–2–417 as the source of its statute of limitations defense, in stark contrast to Barnard's citation of "Utah Code Annotated § 34A–2 et seq., § 34A–3 et seq., and § 35–1 et seq." Additionally, the Commission found that Quality Plating pleaded "the factual basis that

supported the defense." The Commission's decision noted the absence of both specificity and factual basis in Barnard's pleading.

6. It is well settled that an appellate court may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and this is true even though such ground or theory is not urged or argued on appeal by appellee, was not raised in the lower court, and was not considered or passed on by the lower court. *Ivie v. Hickman,* 2004 UT App 469, ¶ 8 n. 3, 105 P.3d 946; *see also Bailey v. Bayles,* 2002 UT 58, ¶ 13, 52 P.3d 1158.

or award if necessary and to supervise and approve future compensation. *See* Utah Code Ann. § 34A–2–420(1) (2001); *see also United States Fid. & Guar. Co.*, 657 P.2d at 768–69.

## CONCLUSION

¶ 16 We affirm the Commission's denial of Barnard's statute of limitations defense for failure to adequately plead that defense under rule 602–2–1D and its award of reasonable medical expenses arising from Albert's 1991 injury.

¶ 17 I CONCUR: GREGORY K. ORME, Judge.

DAVIS, Judge (concurring in part, dissenting in part):

¶ 18 I concur with the majority's opinion that the Commission did not exceed its rulemaking authority under the Utah Administrative Procedures Act (UAPA), *see* Utah Code Ann. §§ 63–46b–0.5 to –23 (2004), when it enacted Utah Administrative Code rule 602–2–1D and with the majority's conclusion that rule 602–2–1D does not conflict with section 63–46b–6(1) of the UAPA. I also concur with the majority's opinion regarding medical expenses. My agreement with the majority opinion (alteration in original) ends there, however. Under rule 602–2–1D, affirmative defenses must be stated "with sufficient accuracy and detail that an applicant may be fully informed of the nature of the defense asserted." Utah Admin. Code R602–2–1D. Here, Barnard "affirmatively allege[d] the applicant's claims are or may be barred or limited by the statutes of limitation and/or notice provisions contained in Utah Code Annotated § 34A–2 et seq., § 34A–3 et seq. and § 35–1 et seq."

¶ 19 Under the facts of this case, Barnard's affirmative defense was sufficiently accurate and detailed to fully inform Albert of the nature of the defense asserted—namely, there were no notice issues and the statute of limitations at issue here is obvious. Indeed, chapter 1 of title 35 was repealed prior to Barnard's answer and, although chapters 2 and 3 of title 34 contain four statutes of limitations, the applicable statute of limitations can be ascertained within minutes simply by skimming the table of contents of those chapters.[7] Furthermore, the applicable statute of limitations was specifically identified by Barnard's codefendant, Quality Plating, seven months before Barnard filed its answer. In its answer, Barnard specifically referenced Quality Plating, and moved to join Quality Plating as a necessary party to the consolidated proceeding. Quite simply, Barnard's affirmative defense was pleaded with more than "sufficient accuracy and detail" here, and Albert was "fully informed of the nature of the defense asserted." Utah Admin. Code R602–2–1D. As such, there was nothing "reasonable [or] rational" about the Commission's interpretation of rule 602–2–1D. *Westside Dixon Assocs. L.L.C. v. Utah Power & Light Co.*, 2002 UT 31,¶ 7, 44 P.3d 775.

¶ 20 This notwithstanding, the majority takes the position that Barnard effectively waived its statute of limitations defense when it raised the defense in its answer but failed to further pursue the issue in proceedings before the ALJ. The question of waiver was never addressed by the parties, the ALJ, or the Appeals Board, and it is inappropriate to address it as an alternative ground because neither the ALJ nor the Appeals Board entered factual findings relevant to the issue. *See State v. Topanotes*, 2003 UT 30,¶ 9, 76 P.3d 1159 ("[N]ot only must the alternative ground be apparent on the record, it must also be sustainable by the factual findings of the trial court."). In support of its waiver analysis, the majority asserts that affirmative defenses must be proved. True enough, but in this case, the affirmative defense was undisputed. The dates underlying Barnard's statute of limitations defense were set out in Albert's application: Albert was injured ear-

---

7. Of the four possible statutes of limitations, one is located under the Utah Occupational Disease Act. *See* Utah Code Ann. § 34A–3–109 (2001). The other three possible statutes of limitations are located in the Workers' Compensation Act and have the following titles: (1) "Employee injured outside state—Entitled to compensation—Limitation of time," *id.* § 34A–2–405 (2001); (2) "Claims and benefits—Time limits for filing—Burden of proof," *id.* § 34A–2–417 (2001); and (3) "Loss of hearing—Time for filing claim," *id.* § 34A–2–506 (2001).

ly in 1991 and filed his claim in 2002. In short, Barnard had nothing to prove in support of its affirmative defense, and as a result, the Appeals Board's decision had to be grounded on its interpretation of the rule and the rule's application to Barnard's answer.

¶ 21 Finally, the garden variety waiver jurisprudence relied upon by the majority has no place in the administrative proceedings in this case, including those before the Appeals Board. While the "Appeals Board may not conduct a trial de novo," Utah Code Ann. § 34A–1–303(4)(b) (Supp.2005), unlike other reviewing bodies, it may accept additional evidence and override the factual findings of the ALJ, *see id.* § 34A–1–303(4)(c) ("The . . . Appeals Board may base its decision on: (i) the evidence previously submitted in the case; or (ii) on written argument or written supplemental evidence requested by the . . . Appeals Board."); *Commercial Carriers v. Industrial Comm'n,* 888 P.2d 707, 710–11 (Utah Ct.App.1994) (" 'While it is the ALJ who initially hears evidence, the Commission is the ultimate fact finder.' " (citation omitted)). Given the unique opportunity to present additional evidence and argument to the Appeals Board, failing to do so before the ALJ may or may not support a waiver. Under the facts and circumstances of this case, it was clearly appropriate for Barnard to argue its statute of limitations defense before the Appeals Board and for the Appeals Board to consider it. Thus, the argument was not waived.

¶ 22 In summary, I would conclude that Barnard pleaded its statute of limitations defense with sufficient detail. I would also conclude that affirming on alternate grounds is not proper in this case and that, due to the unique powers of review granted to the Appeals Board, Barnard did not waive its defense when it did not reassert undisputed facts before the ALJ. Accordingly, I dissent from these aspects of the decision.